[No. 40836-4-I.    Division One.    September 28, 1998.]

PUGET SOUND INVESTMENT GROUP, INC., *Appellant*, v. ROBERT L. BRIDGES, JR., *Individually and as Trustee*, ET AL., *Respondents*.

*Dennis E. Culver,* for appellant.
*Steven M. Bertsch,* for respondents.

BECKER, J. — After the Internal Revenue Service foreclosed on the residence of Robert Bridges, Puget Sound Investment Group (Puget Sound) purchased it at a tax sale. In this appeal, Puget Sound seeks authority to dispossess Bridges by means of an unlawful detainer action. We hold that dispossession may not be achieved through an action for unlawful detainer when title has not been cleared.

Bridges bought his home in 1979. In April 1996, the Internal Revenue Service foreclosed a tax lien on the home and, at a public auction, sold to Puget Sound the rights acquired through the foreclosure. The statutory redemption period expired in September 1996. In October, Puget Sound received a quitclaim deed from the Internal Revenue Service.

Bridges refused to surrender possession. Puget Sound filed an unlawful detainer action in January 1997. At a trial, after Puget Sound presented its evidence, the court dismissed this first unlawful detainer action as "not proved." Puget Sound filed a second action for unlawful detainer on March 24, 1997, and caused a writ of restitution to be issued.[1] On March 28, Bridges answered the complaint and obtained an order quashing the writ of restitution. At a later show cause hearing, a commissioner refused to reissue the writ, ruling that the matter was not subject to the unlawful detainer remedies provided in RCW 59.12.030(6). The commissioner's order gave Puget Sound leave to amend to include a claim for quiet title, ejectment, and damages.

Puget Sound moved for revision. Judge Wynne agreed with the commissioner that Puget Sound could not proceed under RCW 59.12.030(6), and so ordered. Judge Wynne did revise the commissioner's order by ruling that Puget Sound could not convert its unlawful detainer action into any other type of action. Because this ruling effectively

[1]See RCW 59.12.090.

discontinued the unlawful detainer action, Judge Wynne's order is final and review is appropriate.[2]

In this appeal from Judge Wynne's order, Puget Sound seeks a ruling that will permit it to proceed under the unlawful detainer statute to evict a person who continues to occupy a residence after it has been purchased at a tax foreclosure sale.

The unlawful detainer chapter, RCW 59.12, provides a summary proceeding for obtaining possession of real property, and gives the proceeding priority over other civil cases.[3] The court's jurisdiction in unlawful detainer proceedings is limited to the right to possession of real property and a few related issues such as damages and rent due.[4] Unlawful detainer actions offer a plaintiff the advantage of speedy relief, but do not provide a forum for litigating claims to title.

As a means to gain possession of real property, unlawful detainer is available to one who holds a title as a purchaser at a deed of trust foreclosure sale, or at a sale in lieu of foreclosure on a real estate contract, because the statutes governing those proceedings authorize a purchaser to bring suit under RCW 59.12.[5] The Legislature has not provided a purchaser of real property at a federal income tax foreclosure sale with similar authority to bring an unlawful detainer action.

Puget Sound contends, however, that subsections (5) and (6) of the unlawful detainer statute provide the necessary authority:

> A tenant of real property for a term less than life is guilty of unlawful detainer either: . . .

---

[2]*See* RAP 2.2(a)(3).

[3]*State ex rel. Seaborn Shipyards Co. v. Superior Court*, 102 Wash. 215, 172 P. 826 (1918); RCW 59.12.130.

[4]*See Sprincin King St. Partners v. Sound Conditioning Club, Inc.*, 84 Wn. App. 56, 68, 925 P.2d 217 (1996); *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295 (1985).

[5]*See* RCW 61.24.060; RCW 61.30.120(7).

(5) When he commits or permits waste upon the demised premises, or when he sets up or carries on thereon any unlawful business, or when he erects, suffers, permits, or maintains on or about the premises any nuisance, and remains in possession after the service . . . upon him of three days' notice to quit; or

(6) A person who, without the permission of the owner and without having color of title thereto, enters upon land of another and who fails or refuses to remove therefrom after three days' notice, in writing and served upon him in the manner provided in RCW 59.12.040.[6]

Puget Sound did not ask the trial court to allow proceedings under subsection (5). The record contains no evidence or findings pertinent to subsection (5). Because the applicability of subsection (5) is an issue raised for the first time on appeal, we will not address it.[7]

██ ██ Puget Sound may not proceed under subsection (6) of the unlawful detainer statute unless it can show that Bridges entered on the land "without the permission of the owner and without having color of title thereto." Bridges holds a statutory warranty deed. The deed gives Bridges color of title. Therefore, Puget Sound must establish superior title before it may proceed under RCW 59.12.030(6). The appropriate procedure is an action in ejectment and quiet title under RCW 7.28.

Puget Sound contends, however, that Bridges lost color of title in earlier proceedings. After the tax foreclosure sale, Bridges brought a quiet title action against Puget Sound. It went to trial before a jury. The jury returned a verdict for Bridges on the quiet title action, but the court found the verdict for Bridges to be unsupported by substantial evidence. On March 13, 1997, the trial court entered an order dismissing Bridges' quiet title action after finding that Bridges had failed to prove the IRS seizure

---

[6] RCW 59.12.030.

[7] *Concerned Coupeville Citizens v. Town of Coupeville*, 62 Wn. App. 408, 418, 814 P.2d 243 (1991).

and sale of his property was procedurally defective. Bridges has abandoned the appeal he initially took from that order. Puget Sound contends that Bridges can no longer assert any claim of title to the property as a result of his failure to prove title superior to Puget Sound's in his own quiet title action.

The record does not reflect that Puget Sound argued below that the order of March 13 precluded Bridges from asserting color of title. Puget Sound's motion for revision and vacation of the commissioner's order merely mentions the earlier dismissal of Bridges' action as factual background, and does not argue that the earlier dismissal should be given preclusive effect. There is no reference in that motion to RCW 4.56.150, on which Puget Sound now relies, or to any other authority supporting preclusion. In the trial court, Puget Sound was standing on its claim that a holder of an IRS deed may bring an unlawful detainer action without first clearing title.

Because the trial court did not have an opportunity to decide whether Puget Sound had already cleared its title by successfully defending against Bridges' quiet title action, we will not consider the issue.[8] Had it been raised below, the record might have developed differently. The trial court might have also had to decide whether, as Bridges pleaded in his answer, Puget Sound is precluded from bringing this action by virtue of the court's earlier dismissal of Puget Sound's first unlawful detainer action.

Because this case does not come within the terms of RCW 59.12.030(6), the summary procedures of unlawful detainer are not available to Puget Sound. We affirm the trial court's order dismissing Puget Sound's unlawful detainer action. Puget Sound's request for sanctions against Bridges under CR 11 is denied.

Affirmed.

---

[8]RAP 2.5(a); *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 289, 840 P.2d 860 (1992).

AGID, A.C.J., and GROSSE, J., concur.