FILED
COURT OF APPEALS
DIVISION II

2013 SEP 10 AM 8: 39

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FANNIE MAE aka FEDERAL NATIONAL MORTGAGE ASSOCIATION, its successors and/or assigns, | No. 43133-5-II |
| Respondent, | |
| v. | |
| RONALD STEINMANN, KATHLEEN STEINMANN, and JOHN AND JANE DOE, UNKNOWN OCCUPANTS OF THE PREMISES, | UNPUBLISHED OPINION |
| Appellants. | |

JOHANSON, A.C.J. — Kathleen and Ronald Steinmann appeal the superior court's summary judgment order in Fannie Mae's unlawful detainer action. Fannie Mae purchased the Steinmanns'[1] property at a trustee's foreclosure sale after the Steinmanns defaulted on their refinance obligations. The Steinmanns argue that the trustee's sale was void for several reasons and that Fannie Mae is not entitled to possession or title. We hold that because the Steinmanns failed to restrain the foreclosure sale, they waived the ability to invalidate the sale, and accordingly we affirm.

FACTS

In 2008, Kathleen and Ronald Steinmann refinanced their home and secured the refinance with a deed of trust in favor of IndyMac Bank, F.S.B. In 2010, the Steinmanns defaulted on their obligations. Regional Trustee Services Corporation (Trustee) sent them default letters and then a Notice of Trustee's Sale.

In January 2011, the Trustee discontinued the scheduled Trustee's sale, but it specified that the discontinuance was not a waiver of breach or default and that it did not impair the Trustee's rights or remedies. Instead, it was only the Trustee's election to not go forward with the previously scheduled sale. The Trustee later sent another Notice of Default and Notice of Trustee's Sale. The February 2011 Notice of Trustee's Sale specifically stated:

> Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the same pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's Sale.

Clerk's Papers (CP) at 83.

In May 2011, the Steinmanns disputed that IndyMac Mortgage Services was the proper debt beneficiary and asked that the Trustee verify the chain of title and the real party in interest or holder of their deed of trust. IndyMac and the Trustee responded. The Trustee stated that it was proceeding with the scheduled foreclosure.

In June 2011, the Trustee held the Trustee's sale and conveyed the property by Trustee's deed to the highest bidder, Fannie Mae. Later that month, Fannie Mae sent the Steinmanns a 20-

---

[1] We refer to Kathleen and Ronald in their individual capacity by their first name only for clarity, intending no disrespect. And we refer to both of them collectively as the Steinmanns.

2

Day Notice to Quit, explaining that it had purchased the property at a Trustee's sale and was entitled to possession. The Steinmanns did not comply.

In September 2011, Fannie Mae filed a complaint for unlawful detainer against the Steinmanns. The Steinmanns alleged that Fannie Mae wrongfully brought the unlawful detainer action because the Trustee's sale was defective and Fannie Mae had no right to the property.

In January 2012, Fannie Mae moved for summary judgment, arguing that there were no genuine issues of material fact and that it was entitled to possession as a matter of law because (1) the only issue in an unlawful detainer action is possession and (2) the Steinmanns waived their opportunity to challenge the foreclosure sale by failing to enjoin it before it occurred. The Steinmanns responded that they did not realize the significance of the pending Trustee's sale and that they did not restrain it, partially because the California law firm that they hired took their retainer but did not help them. Also, the Steinmanns argued that there were genuine issues of material fact regarding the validity of the foreclosure sale and other issues. In Kathleen's summary judgment declaration, the Steinmanns admitted having received a Notice of Default in January 2011 and a Notice of Trustee's Sale in February 2011 but they claimed that no one ever told them that they needed to obtain a restraining order to prevent the Trustee's sale from occurring. The superior court granted Fannie Mae's motion for summary judgment and ordered that a writ of restitution be issued, giving Fannie Mae possession of the property. The Steinmanns appeal.

## ANALYSIS

The Steinmanns argue that the superior court erred by failing to find that genuine issues of material fact exist and that the Trustee's sale was void. Fannie Mae argues that the superior

court properly entered summary judgment because (1) the court's jurisdiction in an unlawful detainer action is limited to determining the right to possession, and (2) the Steinmanns are barred from challenging the Trustee's sale's validity or finality because they failed to enjoin it at the time. We affirm because the Steinmanns waived their right to challenge the foreclosure.

## I. STANDARD OF REVIEW

On an appeal from summary judgment, we engage in the same inquiry as the superior court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Our standard of review is de novo and summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe all facts and reasonable inferences from them in the light most favorable to the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). We review all questions of law de novo. *Berger v. Sonneland*, 144 Wn.2d 91, 103, 26 P.3d 257 (2001).

## II. DISCUSSION

Fannie Mae brought its unlawful detainer action under RCW 61.24.060, which authorizes a purchaser at a trustee's sale to obtain possession of the purchased property using the summary proceedings for unlawful detainer in chapter 59.12 RCW. Chapter 59.12 RCW provides for a limited summary proceeding "to preserve the peace by providing an expedited method for resolving the right to possession of property." *Heaverlo v. Keico Indus., Inc.*, 80 Wn. App. 724, 728, 911 P.2d 406 (1996). To protect the summary nature of such proceedings, the action is a narrow one and is limited to the question of possession and ancillary issues such as damages and

4

rent due. *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295 (1985); *Puget Sound Inv. Grp., Inc. v. Bridges*, 92 Wn. App. 523, 526, 963 P.2d 944 (1998); *Heaverlo*, 80 Wn. App. at 728.

Here, the Steinmanns sought to defend against the unlawful detainer action by questioning the foreclosure sale's validity for several reasons. But the "Deeds of Trust Act", chapter 61.24 RCW (Act), provides the only means by which a grantor or borrower may avoid a trustee sale once foreclosure has begun. *Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683 (1985). The Act allows a grantor or borrower to seek to enjoin or restrain a sale "on any proper legal or equitable ground." RCW 61.24.130; *Plein v. Lackey*, 149 Wn.2d 214, 225, 67 P.3d 1061 (2003). It is undisputed that the Steinmanns failed to pursue this presale remedy provided for in RCW 61.24.130 and that they are now seeking post-sale remedies through unlawful detainer. So, we must determine if the Steinmanns waived their right to now challenge the sale.

The failure to take advantage of presale remedies under the Act may result in waiver of the right to object to the sale. *Plein*, 149 Wn.2d at 227. "Waiver is an equitable principle that can apply to defeat someone's legal rights where the facts support an argument that the party relinquished their rights by delaying in asserting or failing to assert an otherwise available adequate remedy." *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 569, 276 P.3d 1277 (2012). Waiver of any post-sale contest occurs where a party "(1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Plein*, 149 Wn.2d at 227. Waiver in this context serves all three of the Act's objectives: (1) the nonjudicial foreclosure process should remain efficient and inexpensive; (2) the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure; and (3)

5

the process should promote the stability of land titles. *Plein*, 149 Wn.2d at 227-28; *Albice*, 174 Wn.2d at 567 (citing *Cox*, 103 Wn.2d at 387).

Applying the three steps here, first, the Steinmanns received notice of their right to enjoin the sale. The Notice of Trustee's Sale specifically stated:

> Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the same pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's Sale.

CP at 83. Second, the Steinmanns had knowledge of their asserted defenses before the sale. One of their asserted defenses is that the Trustee breached its duties because it had a conflict of interest as it thought that it worked for the bank. Kathleen's declaration explained that in May 2011, when she asked the Trustee if the sale could be postponed because they were still trying to get approved for loan modification, a Trustee employee told her, "We work for the bank, IndyMac, and we have to do what they say." CP at 117. The sale occurred in June 2011 so the Steinmanns had knowledge of this alleged conflict of interest prior to the sale. Another asserted defense is that IndyMac violated the covenant of good faith and fair dealing by failing to correct information in the Steinmanns' modification and by what the Steinmanns call a "dual tracking" process of loan modification while also processing the foreclosure. Br. of Appellant at 17. These facts were also known to the Steinmanns prior to the sale.[2] The Steinmanns also argue that the Trustee should have confirmed the real party in interest or holder of their deed of trust

---

[2] The Steinmanns also argue that they did not have enough time between when they received their last notice that the Trustee would not postpone the sale again and the day the sale was scheduled. But the Steinmanns could have brought action to restrain the sale after the first notice of sale, rather than waiting until they received the last notice of sale.

prior to the sale. But again, the Steinmanns knew about the Trustee's alleged failure to do so prior to the sale.

Third, the Steinmanns failed to obtain a preliminary injunction or other order restraining the sale. Instead, the Steinmanns challenged the sale for the first time in their answer to Fannie Mae's unlawful detainer action. And "[t]o allow one to delay asserting a defense until this late stage of the proceedings would be to defeat the spirit and intent of the [Act]." *Peoples Nat'l Bank of Wash. v. Ostrander*, 6 Wn. App. 28, 32, 491 P.2d 1058 (1971). In light of the undisputed record, we hold that the Steinmanns waived their claims against Fannie Mae.[3]

Nonetheless, the Steinmanns argue that waiver does not apply to them and that they can seek relief from a void sale under *Cox*. In *Cox*, the Coxes obtained a loan to build a swimming pool and secured the loan by granting a security interest in their home by deed of trust. *Cox*, 103 Wn.2d at 385. When the pool system failed, the Coxes refused to pay on the loan because the cost to repair the system and the damage it caused exceeded the amount due under the loan. *Cox*, 103 Wn.2d at 385-86. The Coxes brought a civil suit for damages after being notified that they were in default on the note. *Cox*, 103 Wn.2d at 386. In the meantime, the Trustee initiated foreclosure proceedings and sold the Coxes' home at a foreclosure sale for a fraction of its value. *Cox*, 103 Wn.2d at 386-87.

---

[3] In 2009, the legislature added RCW 61.24.127 as an amendment to the Act. It provides that a borrower's failure to bring an action to enjoin the foreclosure sale may not be deemed a waiver of a claim for damages. RCW 61.24.127. This amendment clarifies that "[t]he claim may not seek any remedy at law or in equity other than monetary damages." RCW 61.24.127(2)(b). Here, the Steinmanns seek to void the Trustee's sale and did not bring a civil action for monetary damages.

Our Supreme Court explained that an action to enjoin the sale was the only means to preclude the foreclosure sale after the foreclosure proceedings began and that an action contesting the default does not enjoin the sale. *Cox*, 103 Wn.2d at 388. But, the court held that because the Coxes had brought an action on the obligation and under RCW 61.24.030(4), the Trustee wrongfully initiated foreclosure proceedings while there was an action pending on the obligation. This invalidated the sale. *Cox*, 103 Wn.2d at 388.[4] *Cox* is an example of a case where post-sale challenges were permitted. But the Steinmanns are not in a similar situation. The Steinmanns did not bring an action on the default prior to the foreclosure sale and they do not base their challenges on anything that happened at or after the sale. Instead, their arguments rely on actions that occurred before the sale, making *Cox* not persuasive to excuse their failure to bring the presale statutory remedies.[5]

In conclusion, because they failed to restrain the foreclosure sale, the Steinmanns waived any objection to the foreclosure proceedings, and their unlawful detainer action did not provide a forum for litigating claims to title. *See Bridges*, 92 Wn. App. at 526. The Steinmanns offered no defense relevant to an unlawful detainer action, and the court therefore properly granted summary judgment to Fannie Mae. We affirm.

---

[4] Additionally, the court held that the extreme disparity between the price at the sale and the home's value and the Trustee's conduct were reasons to set aside the sale that the Coxes could not have known about before the sale. *Cox*, 103 Wn.2d at 388.

[5] The Steinmanns also cite *Meyers Way Development Ltd. Partnership v. University Savings Bank*, 80 Wn. App. 655, 910 P.2d 1308, *review denied*, 130 Wn.2d 1015 (1996), but the *Meyers Way* case was not an unlawful detainer case and the plaintiffs there did bring an action to restrain the sale. *Meyers Way*, 80 Wn. App. at 663.

## ATTORNEY FEES

Fannie Mae requests attorney fees on appeal under RAP 18.1, RCW 59.18.290(2), and the deed of trust. Under RAP 18.1(a), we may grant a party reasonable attorney fees or expenses if applicable law permits it. RCW 59.18.290(2) allows an attorney fees award to a landlord who prevails in an unlawful detainer action. Also the deed of trust includes a provision for attorney fees, including appellate fees. Thus because Fannie Mae prevails, it is entitled to its fees and costs upon compliance with RAP 18.1.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Quinn-Brintnall, J.

Forbes, J.P.T.