# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE BANK OF NEW YORK MELLON )
fka THE BANK OF NEW YORK as )
successor in interest to JP MORGAN )
CHASE BANK NA, as Trustee for )
Structured Asset MORTGAGE )
INVESTMENTS II INC., BEAR )
STEARNS ATL–A TRUST 2005-5, )
MORTGAGE PASS-THROUGH )
CERTIFICATES, SERIES 2005-5, )
)
               Respondents, )
)
       v. )
)
DAVID MURESAN, MARIA MURESAN, )
AND ALL OCCUPANTS OF THE )
PREMISES LOCATED AT 1496 South )
Crestview Drive, Camano Island, WA )
98282, )
)
               Appellants. )

NOS. 70111-8-I
     70292-1-I
(Consolidated Cases)

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 28, 2014

LAU, J. — This pro se appeal arises from a postforeclosure unlawful detainer

action brought by the trustee's sale purchaser, Bank of New York Mellon (BNY Mellon)

against former homeowners David and Maria Muresan (Muresan).[1] Muresan assigns

---

[1] Pro se litigants are "bound by the same rules of procedure and substantive law as attorneys." Westberg v. All-Purpose Structures Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997). We have "no obligation to grant special favors to . . . a pro se litigant." In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

no error to the trial court's order granting BNY Mellon's motion for a writ of restitution. He also assigns no error to the court's subsequent order denying his motion for a stay pending appeal. He instead challenges the merits of the underlying foreclosure and trustee's sale. Because chapter 59.12 RCW unlawful detainer proceedings do not provide a forum for litigating issues not directly related to the right of possession between the parties, we affirm the trial court's issuance of the writ of restitution.

## FACTS

Muresan obtained a loan for approximately $369,000, secured by a deed of trust encumbering his Camano Island property. After defaulting on the loan in 2010, he submitted applications for loan modification under the federal Home Affordable Modification Program (HAMP). The loan servicer denied the applications. In November 2011, the lender conveyed the note and deed of trust to BNY Mellon. BNY Mellon appointed Wells Fargo Bank, N.A. (Wells Fargo), as its attorney-in-fact.

In December 2011, BNY Mellon issued a notice of trustee's sale. Seeking to postpone the sale, Muresan sued America's Servicing Company (ASC), a division of Wells Fargo, alleging ASC improperly denied his HAMP applications. ASC removed the suit to federal court and moved to dismiss for failure to state a claim.

The trustee's sale occurred on April 6, 2012. BNY Mellon purchased the property at the trustee's sale. On April 25, 2012, the federal court dismissed Muresan's HAMP-related suit with prejudice. On June 28, 2012, BNY Mellon filed an unlawful detainer complaint and a motion for a writ of restitution. The trial court authorized the writ on March 25, 2013. Muresan appealed the order authorizing the writ and moved to

stay the unlawful detainer proceeding. After the trial court denied the motion, Muresan filed a second notice of appeal. We consolidated the appeals.

## ANALYSIS

The issue is whether the trial court properly authorized the writ of restitution. Rather than explain why the court erroneously awarded BNY Mellon possession of the property, Muresan challenges the trustee's sale and the presale foreclosure process. Because these challenges fall outside the scope of the proceeding, which focused narrowly on the right of possession, we hold the court properly authorized the writ.

An unlawful detainer action is a narrow proceeding, "limited to the question of possession and related issues such as restitution of the premises and rent." Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). Its purpose is "to preserve the peace by providing an expedited method for resolving the right to possession of property." Heaverlo v. Keico Indus., Inc., 80 Wn. App. 724, 728, 911 P.2d 406 (1996). To protect the proceeding's summary nature, "other claims, including counterclaims, are generally not allowed." Heaverlo, 80 Wn. App. at 728; see also Angelo Prop. Co. v. Hafiz, 167 Wn. App. 789, 809, 274 P.3d 1075 (2012) (unlawful detainer court "sits in a statutorily limited capacity and lacks authority to resolve issues outside the scope of the unlawful detainer statute"). Unlawful detainer proceedings thus "do not provide a forum for litigating claims to title." Puget Sound Inv. Grp., Inc. v. Bridges, 92 Wn. App. 523, 526, 963 P.2d 944 (1998).

Here, Muresan tried to use the unlawful detainer action as a forum to challenge the trustee's sale. He acknowledges, "The relief I sought is to vacate the sale of my house at 1496 S. Crestview Dr. Camano Island WA 98282 to allow the first bank to do a

loan modification as provided by federal program HAMP." Br. of Appellant at 3 (boldface and emphasis omitted). Given the summary nature of the proceeding, such relief was not available. The trial court thus committed no error in declining to set aside the sale.

Muresan's arguments related to the presale foreclosure process are likewise unavailing. He contends (1) the loan servicer improperly refused his applications for HAMP loan modification, (2) the loan servicer improperly removed his HAMP-related suit to federal court, and (3) the federal court improperly allowed the trustee's sale to proceed during the pendency of the HAMP-related suit. Without citing the record, he also notes that he "could pay the mortgage at the present market interest rate," that he "paid 10 years mortgage and the last 5 years interest only," that he is "68 years of age and . . . cannot buy another house," that "to keep this house is possible if a modification will be made," and that he uses the house for the "David Muresan Scientific Research Foundation." Br. of Appellant at 3. These arguments and unsupported factual assertions "do not directly relate to the 'question of possession'" and thus are not properly before us. Sav. Bank of Puget Sound v. Mink, 49 Wn. App. 204, 209, 741 P.2d 1043 (1987) (unlawful detainer defendant was not permitted to raise defenses or counterclaims alleging breach of the Truth in Lending Act, intentional infliction of emotional distress, defamation, slander of title, breach of contract, abuse of process, outrage, fraud, malicious prosecution, usury, or unjust enrichment).

Nothing in the record suggests the trial court improperly resolved the question of possession. "The burden is upon the plaintiff in an unlawful detainer action to prove, by a preponderance of the evidence, the right to possession." Hous. Auth. v. Pleasant,

-4-

126 Wn. App. 382, 392, 109 P.3d 422 (2005). The right of possession revolves around statutory requirements. "By the terms of the [deed of trust] act it is clear the legislature did not contemplate that after the trustee's sale further lengthy proceedings would be required to obtain possession." Peoples Nat'l Bank of WA v. Ostrander, 6 Wn. App. 28, 31, 491 P.2d 1058 (1971). Accordingly, the act allows the trustee's deed purchaser to bring a chapter 59.12 RCW unlawful detainer suit on the "twentieth day following the sale." RCW 61.24.060(1).[2] The suit provides the purchaser "a means to gain possession" of the purchased property. Puget Sound Inv. Grp., 92 Wn. App. at 526; see 27 MARJORIE DICK ROMBAUER, WASHINGTON PRACTICE: CREDITORS' REMEDIES – DEBTORS' RELIEF § 3.70, at 213 (2d ed. 1998) (purchaser initiates suit "to gain possession of the property").

Here, it is undisputed that BNY Mellon purchased the property at the April 6, 2012 sale. The trustee's deed, recorded in Island County on April 16, 2012, conveyed title in the property to BNY Mellon. RCW 61.24.050(1); Udall v. T.D. Escrow Servs., Inc., 159 Wn.2d 903, 910, 154 P.3d 882 (2007) (trustee's deed purchaser acquires "the rights, title, and interests possessed by the grantor (hereinafter borrower) when the borrower originally executed the deed of trust to the grantee . . . , as well as all rights, title, and interests acquired by the borrower subsequently (e.g., accrued rents)."). It is likewise undisputed that well over 20 days passed before BNY

---

[2] The deed of trust act provides, "The purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the borrower and grantor under the deed of trust and anyone having an interest junior to the deed of trust, including occupants who are not tenants, who were given all of the notices to which they were entitled under this chapter. The purchaser shall also have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW." RCW 61.24.060(1).

Mellon initiated the present action. Muresan does not challenge BNY Mellon's compliance with any of chapter 59.12 RCW's procedures. On this record, the trial court did not err in resolving the question of possession in BNY Mellon's favor.

We affirm the issuance of the writ of restitution.

WE CONCUR: