# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

SELENE RMOF II REO
ACQUISITIONS II, LLC,

       Respondent,

v.

VANESSA D. WARD, AND
ALL OCCUPANTS OF THE PREMISES
LOCATED AT 7913 SOUTH 115TH
PLACE, m/k/a 7911 SOUTH 115TH
PLACE, SEATTLE, WA  98178,

       Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 72504-1-I

UNPUBLISHED OPINION

FILED:  February 29, 2016

VERELLEN, A.C.J. — A grant of a writ of restitution in an unlawful detainer action may be premature if there are unresolved claims to title.  A party may not proceed under RCW 59.12.030(6) of the unlawful detainer statute unless it can show that a person entered upon its land "without the permission of the owner and without having color of title thereto."  Vanessa Ward appeals the judgment entered against her on an unlawful detainer action.  She holds a 2004 notarized quitclaim deed.  This deed provides Ward color of title.  Therefore, we conclude the summary procedures of unlawful detainer are not applicable.  Because Selene RMOF II REO Acquisition II, LLC did not purchase the property at a trustee's foreclosure sale, we reject Selene's argument that it is entitled to pursue an unlawful detainer action under the statutory provisions allowing the purchaser at a trustee's foreclosure sale to bring an unlawful detainer action.  We reverse.

## FACTS

In 2012, Selene purchased property located at 7911 South 115th Place in Seattle from LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3. LaSalle Bank had previously purchased the property at a trustee's sale. The grantor of the foreclosed deed of trust traces his interest in the property back to a 2005 deed from Chester Dorsey.

Selene's theory of the case is that Dorsey obtained title to the property after the previous owner, Vanessa Ward, quitclaimed him the deed in 2001. Dorsey then sold the property to Fred and Grace Brooks in 2005. Two years later, Dorsey, as attorney in fact for the Brooks, conveyed the property to James Dreier. Thereafter, Dreier took out a loan secured by a deed of trust on the property. After Dreier defaulted on his loan obligations in 2008, the trustee's sale was scheduled.

Ward's theory of the case is that she only "discussed" deeding the property to Dorsey so he could obtain a lower interest rate on her mortgage.[1] Ward maintains she never followed through with the conveyance, but claims Dorsey fraudulently executed and recorded a 2001 quitclaim deed to that effect. Dorsey then executed a quitclaim deed conveying the property back to her for one dollar in 2004; this quitclaim deed was notarized, but not recorded. Ward acknowledges receiving notice of the trustee's sale. She filed a lawsuit for unfair and deceptive conduct, civil conspiracy, and outrage before the scheduled sale, but the lawsuit was dismissed with prejudice for failure to timely comply with discovery requests.

---

[1] Clerk's Papers (CP) at 29; Report of Proceedings (Sept. 15, 2014) at 25.

2

In 2014, Selene filed this unlawful detainer action. The complaint alleged Ward was occupying the property and was "believed to be a tenant of the former owner of the property."[2] Ward filed a motion to dismiss the action on the basis that she was not a tenant and had color of title to the property. She attached the 2004 notarized quitclaim deed conveying all interest of Dorsey to her. After a show cause hearing, the trial court granted the writ of restitution.

Ward appeals.

## ANALYSIS

Ward contends the court erred in issuing a writ of restitution. She argues she cannot be guilty of unlawful detainer because she is not a tenant and has color of title to the property. We agree.

Our analysis is limited to questions of law, which we review de novo.[3] "The unlawful detainer statute, chapter 59.12 RCW, provides a summary proceeding for obtaining possession of real property, and gives the proceeding priority over other civil cases."[4] The scope of an unlawful detainer action is narrow, "limited to the question of possession and related issues such as restitution of the premises and rent."[5] "Unlawful detainer actions offer a plaintiff the advantage of speedy relief, but do not provide a forum for litigating claims to title."[6]

---

[2] CP at 1.

[3] Mountain Park Homeowners Ass'n v. Tydings, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

[4] Puget Sound Inv. Grp., Inc. v. Bridges, 92 Wn. App. 523, 526, 963 P.2d 944 (1998).

[5] Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985).

[6] Puget Sound, 92 Wn. App. at 526.

Selene brought its unlawful detainer action under chapter 59.12 RCW, relying on the provision authorizing the purchaser at a deed of trust foreclosure sale to bring an unlawful detainer action to evict the previous owner of the home.[7] But Selene was not the purchaser at the deed of trust foreclosure sale; LaSalle Bank purchased the property at the sale and later conveyed it to Selene. Selene cites no authority that it is entitled to pursue an unlawful detainer action as the purchaser at the deed of trust foreclosure sale.

The only provision that appears to have any application here is RCW 59.12.030(6), under which a "person who, without the permission of the owner and without having color of title thereto, enters upon land of another and who fails or refuses to remove therefrom after three days' notice" is guilty of unlawful detainer.

While RCW 59.12.030(6) does not define "color of title," it is discussed in the unlawful detainer context in Puget Sound Investment Group, Inc. v. Bridges.[8] There, the Internal Revenue Service foreclosed on Bridges' home and sold it at a tax sale to the Puget Sound Investment Group.[9] Bridges refused to surrender possession because he had a statutory warranty deed. Puget Sound initiated an unlawful detainer action under RCW 59.12.030(6).[10] This court held that Bridges' statutory warranty deed gave him color of title and precluded any relief under the unlawful detainer statute.[11]

Here, Ward holds a 2004 notarized quitclaim deed from Dorsey. Consistent with Puget Sound, this deed provides Ward color of title. Therefore, the summary procedures

---

[7] See RCW 59.12.032 ("An unlawful detainer action, commenced as result of a trustee's sale . . . must comply with the requirements of RCW 61.24.040 and 61.24.060).

[8] 92 Wn. App. 523, 525, 963 P.2d 944 (1998).

[9] Id. at 525.

[10] Id.

[11] Id. at 527.

of unlawful detainer are not applicable here. Selene must establish superior title before it may proceed under RCW 59.12.030(6).[12]

Selene's other arguments are not persuasive. Ward was entitled to defend against the unlawful detainer action whether or not she served and noted her motion to dismiss.[13] Ward's claims are not a post-sale contest that were waived for failure to enjoin the trustee's sale.[14] Whether Selene is a bona fide purchaser for value and the impact of the trustee's deed, together with Ward's knowledge of the trustee's sale, are all beyond the scope of this unlawful detainer action and this appeal.[15]

We reverse.

WE CONCUR:

Trickey, J.

---

[12] Alternatives available to Selene include an ejectment or quiet title action.

[13] See RCW 59.18.380 ("At the time and place fixed for the hearing of plaintiff's motion for a writ of restitution, the defendant, or any person in possession or claiming possession of the property, may answer, orally or in writing, and assert any legal or equitable defense or set-off arising out of the tenancy.").

[14] See RCW 61.24.040(1)(f)(IX).

[15] See Munden, 105 Wn.2d at 45 ("In order to protect the summary nature of the unlawful detainer proceedings, other claims, including counterclaims, are generally not allowed," except "when the counterclaim, affirmative equitable defense, or setoff is 'based on facts which excuse a tenant's breach.'" (quoting First Union Mgmt., Inc. v. Slack, 36 Wn. App. 849, 854, 679 P.2d 936 (1984))).