IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

2017 APR 17 AM 10: 44
COURT OF APPEALS DIV I
STATE OF WASHINGTON

| | | |
|---|---|---|
| LYDIA LUTAAYA, | ) | No. 74563-8-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| BOEING EMPLOYEES' CREDIT UNION, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: April 17, 2017 |

SPEARMAN, J. — Unlawful detainer is a narrow cause of action limited to determining the right of possession. After purchasing Lydia Lutaaya's home at a nonjudicial foreclosure sale, Boeing Employees' Credit Union (BECU) brought an unlawful detainer action. The trial court ruled that BECU was entitled to possession and ordered Lutaaya evicted. Lutaaya appeals, arguing that the trial court erred in evicting her because BECU engaged in a variety of misconduct. Because Lutaaya's arguments are outside the scope of an unlawful detainer action, we affirm.

## FACTS

BECU initiated a nonjudicial foreclosure in 2014, after Lutaaya defaulted on a home loan.[1] Lutaaya did not seek to restrain the sale. BECU purchased the

---

[1] Lutaaya disputes that she defaulted on the loan.

home at the foreclosure sale in 2015. Lutaaya did not vacate and BECU brought an unlawful detainer action.

At the show-cause hearing, BECU asserted that it purchased the home at the foreclosure sale, gave Lutaaya notice to vacate, and complied with service requirements. Lutaaya did not dispute that BECU purchased the home or deny that she received notice and service. But Lutaaya urged the trial court not to award possession to BECU because it had engaged in a variety of unlawful conduct, including falsifying Lutaaya's account records and conspiring with the Renton Police Department to target Lutaaya.[2]

The trial court found that BECU was entitled to possession of the home and issued a writ of restitution. Lutaaya appeals.

## DISCUSSION

Lutaaya contends that the trial court erred in granting BECU a writ of restitution and ordering her to vacate the property.

An unlawful detainer action is a summary proceeding for determining the right of possession of real property. Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985) (citing RCW 59.12.030). Because it is a summary proceeding, the action is limited to the question of possession. Id. (citing Kessler v. Nielsen, 3 Wn. App. 120, 472 P.2d 616 (1970)). Unlawful detainer is available to the purchaser at a nonjudicial foreclosure sale if the previous owner does not vacate.

---

[2] Lutaaya also asserted these claims in a number of lawsuits against BECU, separate from the unlawful detainer action. Her separate legal actions are not part of the record in this case.

2

No. 74563-8-I/3

RCW 61.24.060(1). The purchaser must comply with statutory notice requirements. RCW 61.24.060(2).

In reviewing an unlawful detainer action, we review findings of fact for substantial evidence and conclusions of law de novo. Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015) (citing Hegwine v. Longview Fibre Co., Inc., 132 Wn. App. 546, 555-56, 132 P.3d 789 (2006)). We begin with a presumption in favor of the trial court's findings. Id. (citing Green v. Normandy Park Riviera Section Comm. Club, Inc., 137 Wn. App. 665, 689, 151 P.3d 1038 (2007)). The appellant has the burden of demonstrating that findings of fact are not supported by substantial evidence. Id.

In this case, Lutaaya contends that the trial court erred in granting BECU a writ of restitution and evicting her from the property. She asserts that BECU altered her mortgage records and relied on these falsified records to foreclose. Lutaaya thus appears to challenge the validity of the foreclosure sale. She also claims that BECU, acting alone or in collaboration with the Renton Police Department, violated her rights as a member of the credit union, violated consumer protection laws, used her image to solicit funds, and engaged in various efforts aimed at destroying Lutaaya and her family. But an unlawful detainer action "do[es] not provide a forum for litigating claims to title" or other issues unrelated to the right of possession. Fed. Nat. Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 382, 353 P.3d 376 (2015) (citing Puget Sound Inv. Grp., Inc., v. Bridges, 92 Wn. App. 523, 526, 963 P.2d 944 (1998)). Because Lutaaya's claims that the foreclosure was invalid and that BECU acted improperly are outside the

3

scope of an unlawful detainer action, the trial court did not err in declining to consider them.

Lutaaya does not dispute that BECU purchased the property at the foreclosure sale and gave her notice to vacate. Because BECU was the lawful owner of the property and complied with procedural requirements, the trial court did not err in granting BECU a writ of restitution.

Affirmed.

_Spearman, J._

WE CONCUR:

_Dwyer, J._                    _Cox, J._