# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RAYMOND TUCKER,<br><br>　　　　　　Appellant,<br><br>　　v.<br><br>DARWIN TUCKER,<br><br>　　　　　　Respondent. | No. 49840-5-II<br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Raymond Tucker appeals the trial court's sua sponte order quieting title of real property to his nephew, Darwin Tucker.  Because the trial court exceeded its authority by making a title determination in an unlawful detainer action, we reverse the trial court's grant of quiet title to Darwin[1] and remand to the trial court for further proceedings consistent with this opinion.

## FACTS

### I. BACKGROUND

In 2011, Raymond's brother, Lawyer Tucker died, leaving real property to Raymond.  Prior to Lawyer's death, Darwin lived in Lawyer's home.  On June 27, Raymond received the personal representative's deed to the real property and also executed a quitclaim deed, deeding Lawyer's property and home to Darwin.

---

[1] Because Raymond, Darwin, and Lawyer Tucker share the same last name, we refer to them by their first names for clarity.  No disrespect is intended.

No. 49840-5-II

After receiving the quitclaim deed, Darwin sought to record the deed with the help of a title company. The title company informed Darwin that they had concerns with the deed's language.

Darwin returned the original deed to Lawyer's estate attorney, Allan Overland, and requested that the deed be amended. Overland then sent the deed to Raymond to amend and sign. Raymond refused to amend the deed and did not return the original deed to Darwin.

In 2012, after Raymond refused to amend or return the deed, Darwin filed an action for quiet title. Raymond answered, asserting that he had no obligation to make the gift to Darwin. Darwin moved for summary judgment, which was denied. Raymond and Darwin then stipulated to an order dismissing Darwin's quiet title action with prejudice. The notice of settlement stated that all claims against all parties in the action had been resolved.[2]

II. UNLAWFUL DETAINER ACTION AND SUA SPONTE QUIET TITLE ORDER

Over a year later, Raymond, represented by Overland, filed a complaint for unlawful detainer against Darwin. Raymond sought restitution, damages, attorney fees, costs, and a judgment against Darwin.

Darwin, appearing pro se, then filed a short declaration that merely identified and attached two exhibits: the personal representative's deed from the estate of lawyer to Raymond, and the June 27 quitclaim deed from Raymond to Darwin.

The trial court set a trial date for the unlawful detainer matter. At the trial, Darwin appeared pro se, but neither Raymond nor Overland appeared. The trial court dismissed Raymond's unlawful detainer action with prejudice.

---

[2] The record on appeal suggests that title remained in Raymond's name.

No. 49840-5-II

After his failure to appear at trial, Raymond filed a motion to vacate the order dismissing his unlawful detainer action. Overland also filed a declaration with the motion to vacate, stating that he was unable to attend the hearing because of obligations on another case. Overland also claimed that Darwin never filed an answer to the unlawful detainer complaint but rather filed only a declaration. Overland further stated that Darwin had not properly served his declaration. Citing Darwin's lack of service and failure to supply an answer, Overland stated that he did not give Darwin's declaration and exhibits "serious consideration." Clerk's Papers (CP) at 21. The trial court granted Raymond's motion to vacate and reset the unlawful detainer matter for trial.

Darwin appeared at the rescheduled trial, but again, neither Raymond nor Overland appeared. The trial court indicated it would sua sponte consider addressing the matter of title to the property and stated:

> What I am going to do, Mr. [Darwin] Tucker, and the reason we were scrambling before was we were trying to find some forms that would give this case some finality. Rather than dismiss the case, which gives you basically no relief, it's my suggestion that we actually take some testimony from you about what happened in this case and then enter a temporary order or a handwritten order, but that won't be a deed. You would have to then take that temporary order and go and get some legal advice and have someone prepare for you the deeds necessary to record your interest in this property so that this doesn't come up again. Does that make sense?

Report of Proceedings (RP) at 4.

The trial court then took testimony from Darwin. The court also considered a copy of the June 27 quitclaim deed from Raymond to Darwin. The court inquired if, by filing his declaration after Raymond filed the unlawful detainer complaint, Darwin sought that title to the property be quieted and given to him. Darwin responded to the court's question in the affirmative.

When the trial court asked Darwin what relief he sought, he stated that he would like the matter to be dismissed with prejudice. Nonetheless, the court then stated:

3

No. 49840-5-II

> I don't believe that the case should be dismissed with prejudice, and here's why. I think that you need finality in this case because of how long this has been going on. And I think that you need to have some kind of findings that show that the property, based on Exhibit Number 1, should be quieted in your name with findings and then a deed, a judicial deed that quiets the property in your name. I can't draft those for you, that's why we gave you that card for legal services, to go and talk to somebody about this to see if they would put together some kind of documents for you that you could then present to me at a later date.

RP at 15-16. After concluding the trial, the court entered a written decision. The decision stated that findings of fact and conclusions of law should be entered along with an order and a judicial deed quieting title of the property to Darwin.

The following week, the trial court entered findings of facts and conclusions of law on the matter. Specifically, the trial court found:

> Defendant filed a declaration on November 30, 2015 that is in the form of an answer as well as setting the nature of Defendant's estate which the court deems a request to quiet title in defendant's name.
>
> . . . .
>
> Filed in the court record are two deeds, a personal representatives deed ("PR Deed") dated June 27, 2011, vesting Raymond Tucker in titled [sic] to the real property commonly known as 1155 South Anderson St., Tacoma, WA 98405 and legally described as **Lot 1, Block 8, Kellogg's Addition to Tacoma, Pierce County, Washington according to Plat recorded in Book 1 of Plats at page 18**. The property is also known as Pierce County tax parcel number 4890000430 ("subject property"). The second deed was also dated June 27, 2011 and was a gift by the plaintiff to the defendant in the form of a quitclaim deed of the subject property ("gifting deed"). The PR Deed was executed and delivered before the gifting deed. The gifting deed was executed and delivered thereafter.
>
> While the gifting deed purports to have only conveyed an "undivided interest" there is no reference with whom such interest would be shared and as there was only one grantee who thereafter resided in the subject property to the exclusion of the Plaintiff, it was the grantor's intent of the gifting deed to convey any and all interest in the subject property to the Defendant.
>
> The gifting quitclaim deed by the plaintiff to the defendant was properly executed and delivered to the defendant.

4

The gifting quitclaim deed by the plaintiff to the defendant divested the plaintiff of any and all ownership interest in the subject property.

The gifting quitclaim deed by the plaintiff to the defendant vested the defendant with any and all rights that the plaintiff may have had to the subject property.

As of the date of filing the complaint for unlawful detainer, the plaintiff had no ownership interest in the property.

As of the date of filing the complaint for unlawful detainer, the defendant had superior rights in the subject property than the plaintiff.

There is no basis for the court to issue a writ of restitution in favor of the plaintiff against the defendant.

CP at 36-38. The trial court also entered the following conclusions of law:

As between the plaintiff and the defendant, the defendant owns the subject property.

Based upon the June 11, 2011 gifting claim deed from the plaintiff to the defendant, the plaintiff transferred all rights title and interest, if any, that plaintiff had in the subject property to the defendant as per RCW 64.04.050.

The unlawful detainer action was improper as the plaintiff was neither an owner, landlord nor agent thereof, as is required by RCW 59.12 et. seq. and RCW 59.18 et seq. Moreover, it was an attempt to evict the actual owner of the property.

The unlawful detainer action should be dismissed with prejudice pursuant to RCW 4.56.120(3) and CR 40(d) and on the merits.

When faced with the unlawful detainer complaint, the defendant set forth in a declaration what the court construes to be an answer. In the answer, the defendant set forth the nature of his estate which the court construes as a counterclaim/prayer for relief that the court declare the defendant's interest in the subject property to be superior to that of the plaintiff' s interest and to declare the plaintiff's interest in the subject property to be nonexistent based upon the gifting deed that was attached to said defendant's declaration.

CP at 38-39.

The trial court entered a judgment and order quieting title of the property to Darwin and dismissing Raymond's unlawful detainer action with prejudice.

5

Raymond then filed a motion for reconsideration. Overland also filed a declaration with the motion for reconsideration. Overland stated that due to his advanced age, he had not clearly heard the date or time for the continued trial.

In the motion, Raymond argued that the order quieting title was not based on law and fact and he asserted that the doctrine of res judicata applied to the title issue because Darwin's 2012 quiet title action was dismissed with prejudice. The trial court denied the motion.

Raymond appeals the trial court's findings of fact and conclusions of law, the judgment and order granting quiet title to Darwin, and order denying his motion for reconsideration under CR 59. We requested supplemental briefing from the parties on the issue of the trial court's authority to quiet title in an unlawful detainer action. Raymond filed a supplemental brief, but Darwin did not.

## ANALYSIS

Raymond does not appeal the trial court's dismissal of the unlawful detainer action for his failure to appear. He argues only that the court erred in quieting title to Darwin. Darwin argues that Raymond failed to preserve this issue on appeal because he failed to appear and object below. We hold that Raymond did not fail to preserve his arguments on appeal and further hold that the trial court exceeded its authority by quieting title in an unlawful detainer action.

### I. WAIVER OF CLAIMS ON APPEAL

As a preliminary issue, Darwin argues that Raymond waived any claimed errors on appeal because he failed to appear at the unlawful detainer trial. We disagree.

Issues may be raised for the first time in a motion for reconsideration, thereby preserving them for review, where they are not dependent upon new facts and are closely related to and part

6

of the original theory. *Nail v. Consol. Res. Health Care Fund* I, 155 Wn. App. 227, 232, 229 P.3d 885 (2010). An appellant may preserve an issue for appeal by bringing it up in a motion for reconsideration for the first time. *Dixon v. Crawford, McGilliard, Peterson & Yelish*, 163 Wn. App. 912, 919 n .7, 262 P.3d 108 (2011).

Here, Raymond raised the same issues in his motion for reconsideration that he now argues on appeal. Moreover, where, as here, the asserted error concerns the trial court's authority to act, we may elect to review the issue. *See* RAP 2.5(a)(1). Accordingly, we disagree with Darwin and address the merits of this case.

## II. QUIET TITLE

Raymond argues only that the trial court erred in quieting title of the property to Darwin. We hold that the trial court quieted title to the property without authority.

### A. *Legal Principles*

An unlawful detainer action is a "narrow one, limited to the question of possession and related issues such as restitution of the premises and rent." *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). Such an action is a statutorily created proceeding that provides an expedited method of resolving the right to possession of property. *Christensen v. Ellsworth*, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007). The unlawful detainer statutes were created to facilitate summary proceedings as an alternative to a common law ejectment action. *River Stone Holdings NW, LLC v. Lopez*, 199 Wn. App. 87, 92, 395 P.3d 1071 (2017). Due to an unlawful detainer's summary nature, the proceedings are limited to resolving questions related to possession of property. *River Stone*, 199 Wn. App. at 92.

No. 49840-5-II

B.      *Trial Court Exceeded Its Authority in Granting Quiet Title to Darwin*

Though the trial court properly dismissed the unlawful detainer action, the trial court erroneously entered an order quieting title to Darwin.

In an unlawful detainer action, the trial court sits as a special statutory tribunal to summarily decide the issues authorized by statute [i.e., whether the landlord is entitled to possession] and not as a court of general jurisdiction with the power to hear and determine other issues. *Granat v. Keasler*, 99 Wn.2d 564, 571, 663 P.2d 830, *cert. denied*, 464 U.S. 1018, 104 S. Ct. 549, 78 L. Ed. 2d 723 (1983). To protect the summary nature of an unlawful detainer proceeding, other claims, including counterclaims, are generally not allowed. *Munden*, 105 Wn.2d at 45.

There are, however, exceptions. If the counterclaim, affirmative defense, or setoff excuses the tenant's failure to pay rent, then it is properly asserted in an unlawful detainer action. *Munden*, 105 Wn.2d at 45. Put another way, issues unrelated to possession are not properly part of an unlawful detainer action. *See First Union Mgmt., Inc. v. Slack*, 36 Wn. App. 849, 854, 679 P.2d 936 (1984). While unlawful detainer actions offer a plaintiff the advantage of speedy relief, they do not provide a forum for litigating claims to title. *Puget Sound Inv. Grp., Inc. v. Bridges*, 92 Wn. App. 523, 526, 963 P.2d 944 (1998).

Here, the trial court construed Darwin's declaration filed after Raymond's unlawful detainer complaint to be a "counterclaim/prayer for relief" seeking to have the court declare Darwin's interest in the property superior to that of Raymond. CP at 92. The court found that by gifting the quitclaim deed to Darwin, Raymond vested Darwin with all rights to the property. The court also made a determination that as of the date that Raymond filed the unlawful detainer action, Darwin had superior rights in the property.

8

Both Darwin and Raymond asserted a title claim to the property; as such, the well-settled principle that unlawful detainer actions do not provide a forum for litigating claims to title governs. *Puget Sound*, 92 Wn. App. at 526. The trial court improperly considered issues of title in the unlawful detainer action and determined, without authority, that Darwin had superior rights to the property. *See Granat*, 99 Wn.2d at 571; *see also Puget Sound Inv. Grp*, 92 Wn. App. at 526. Because unlawful detainer proceedings do not provide a forum for litigating issues of title, the trial court erred when it quieted title to Darwin. Accordingly, we reverse the trial court's order quieting title to Darwin.[3]

Because the reversal of the trial court's order quieting title to Darwin resolves this case, we do not reach Raymond's other arguments regarding lack of notice, res judicata, and the court's denial of his motion for reconsideration.[4]

## ATTORNEY FEES

Darwin requests attorney fees on appeal under RAP 18.1, RAP 18.9, and RCW 59.18.290. Darwin asserts that although he represented himself pro se, he retained the services of an attorney to assist in the research and drafting of his brief and, therefore, he should be awarded fees. Because we reverse the trial court's quiet title order, Darwin is not the prevailing party on appeal and is not entitled to attorney fees on that basis. Moreover, even assuming

---

[3] As noted above, it appears that a deed was ordered but the record on appeal does not contain a copy of a judicial deed. If a judicial deed was entered title will need to be reinstated in Raymond.

[4] Although we do not directly address Raymond's res judicata argument, the record on appeal seems to show that the underlying facts are identical in both Darwin's prior quiet title action and his later counterclaim; the causes of action in both claims involved the same evidence and arise out of the same facts; and there is a concurrence of identity as to the parties.

Darwin is a prevailing party for purposes of the unlawful detainer action, as a pro se litigant he is not entitled to attorney fees.

Reasonable attorney fees are recoverable on appeal if allowed by statute, rule, or contract, and the request is made pursuant to appellate rules governing attorney fees and expenses. RAP 18.1(a). Additionally, this court has the authority to grant attorney fees under RAP 18.9 for a frivolous appeal, among other reasons. An appeal is frivolous if no debatable issues are presented and no reasonable possibility of reversal exists. *Building Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App 720, 746, 218 P.3d 196 (2009). Under RCW 59.18.290(2), the prevailing party in an unlawful detainer action may recover reasonable attorney fees at the trial court's discretion. *Council House, Inc. v. Hawk*, 136 Wn. App. 153, 159, 147 P.3d 1305 (2006).

Pro se litigants are generally not entitled to attorney fees for their work representing themselves. *Price v. Price*, 174 Wn. App. 894, 905, 301 P.3d 486 (2013). Washington courts have awarded attorney fees to pro se litigants only when those litigants were themselves attorneys because they must take time from their practices to prepare and to appear like any other lawyer would. *In re Marriage of Brown*, 159 Wn. App. 931, 938, 247 P.3d 466 (2011).

Here, Darwin asserts that he is not seeking compensation for his time spent researching, reading, and litigating the case, but rather is seeking only those fees related to paying an attorney for assistance "in the background." Br. of Resp't at 20. Darwin cites no law to support his position that he, as a pro se litigant using the assistance of an attorney who never appeared on the case, is entitled to attorney fees.

Accordingly, we decline to award Darwin any attorney fees on appeal.

No.  49840-5-II

We reverse the trial court's grant of quiet title to Darwin and we remand for further proceedings consistent with this opinion including reinstating title in Raymond, if necessary.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Lee, J.

_____
Melnick, J.