IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STEWART MCCULLUM, | ) | No. 78845-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH A. COLOMBI, and ALL OTHER OCCUPANTS, | ) | |
| | ) | |
| Appellants. | ) | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-QO9, | ) ) ) ) ) ) | UNPUBLISHED OPINION |
| | ) | |
| Respondents, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH A. COLOMBI and DAVID GREGORY WILLENBORG, | ) ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| KING COUNTY DEPARTMENT OF DEVELOPMENT AND ENVIRONMENTAL SERVICES; KING COUNTY; COMMONWEALTH LAND TITLE INSURANCE COMPANY, AS SUBROGEE FOR HOMECOMINGS FINANCIAL, LLC; DEPARTMENT OF THE TREASURY - INTERNAL | ) ) ) ) ) ) ) ) | FILED: November 18, 2019 |

No. 78845-1-I/2

REVENUE SERVICE; OCCUPANTS )
OF THE PROPERTY, )
                         )
                Defendants. )

SCHINDLER, J. — On April 20, 2018, Stewart McCullum purchased property located at 15007 133rd Avenue Southeast in Renton, Washington, at a nonjudicial foreclosure sale. The trustee's deed was recorded on May 3, 2018. McCullum filed an unlawful detainer action against the previous owner Deborah A. Colombi; King County Superior Court Cause No. 18-2-12857-9 KNT. In June 2017, Deutsche Bank Trust Company Americas filed a judicial foreclosure action against Colombi on property she owned located at 19251 218th Avenue Southeast in Maple Valley, Washington; King County Superior Court Cause No. 17-2-15726-1 KNT. Colombi and David Gregory Willenborg (collectively, Colombi) filed a pro se appeal of the judgment and order issuing a writ of restitution in the unlawful detainer action and the judicial foreclosure action. We affirm the order issuing a writ of restitution. We dismiss the appeal in the judicial foreclosure action as not timely.

Writ of Restitution

On September 27, 2004, Pacific NW Title loaned Deborah Colombi $164,000 to purchase property located at 15007 133rd Avenue Southeast, Renton, Washington, 98058. Colombi executed a promissory note for the amount of the loan secured by a deed of trust on the property.

Colombi stopped making payments in February 2017. On December 15, 2017, the trustee issued a "Notice of Trustee's Sale" (Notice). The Notice was recorded on December 18, 2017. The Notice states the principal sum owed on the loan is $93,485.40 plus interest.

2

The highest bidder at the trustee's sale on April 20, 2018 was Stewart McCullum. McCullum purchased the property for $296,000. Title was conveyed to McCullum by trustee's deed on April 23, 2018. The trustee's deed was recorded on May 3, 2018.

On April 26, 2018, McCullum served Colombi with a notice of sale and a notice to vacate. Colombi did not vacate the property. On May 18, 2018, McCullum filed an unlawful detainer action against Colombi; King County Superior Court Cause No. 18-2-12857-9 KNT.

The show cause hearing on the unlawful detainer action was held on August 17, 2018. The court issued a writ of restitution. The court entered "Findings of Fact, Conclusions of Law, Judgment and Order Issuing Writ of Restitution." On August 22, 2018, Colombi and David Gregory Willenborg (collectively, Colombi) filed a pro se appeal of the Order Issuing Writ of Restitution; King County Superior Court Cause No. 18-2-12857-9 KNT.[1]

Colombi argues the court erred in issuing the writ of restitution because the underlying nonjudicial foreclosure sale was improper under the deeds of trust act, chapter 61.24 RCW (DTA).

RCW 61.24.060(1) of the DTA states that

> [t]he purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the borrower and grantor under the deed of trust and anyone having an interest junior to the deed of trust, including occupants who are not tenants, who were given all of the notices to which they were entitled under this chapter. The

---

[1] In the notice of appeal, Colombi also appeals King County Superior Court Cause No. 18-2-18107-1 KNT. In No. 18-2-18107-1 KNT, the trustee filed a "Notice of Deposit of Surplus Funds Pursuant to" RCW 61.24.080. Because the Notice of Deposit is not a final order or judgment under RAP 2.2(a), we dismiss the appeal of King County Superior Court Cause No. 18-2-18107-1 KNT.

<u>purchaser shall also have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW.</u>[2]

An unlawful detainer action is "a summary proceeding" to obtain "possession of real property." <u>Fed. Nat'l Mortg. Ass'n v. Ndiaye</u>, 188 Wn. App. 376, 382, 353 P.3d 644 (2015).

An unlawful detainer action is a narrow action that is "limited to the question of possession" and related only to "issues such as restitution of the premises and rent." <u>Munden v. Hazelrigg</u>, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). In an unlawful detainer action, the plaintiff bears the burden to prove by a preponderance of the evidence the right to possession of the premises. <u>Duprey v. Donahoe</u>, 52 Wn.2d 129, 135, 323 P.2d 903 (1958). An unlawful detainer action does " 'not provide a forum for litigating claims to title.' " <u>Selene RMOF II REO Acquisitions II, LLC v. Ward</u>, 189 Wn.2d 72, 81, 399 P.3d 1118 (2017) (quoting <u>Ndiaye</u>, 188 Wn. App. at 382). An unlawful detainer action is not an appropriate proceeding to challenge the underlying foreclosure. <u>Ndiaye</u>, 188 Wn. App. at 382. Allowing a borrower to delay by asserting a defense after the foreclosure sale in an unlawful detainer action is contrary to the intent of the DTA to provide an efficient and inexpensive foreclosure process. <u>Ndiaye</u>, 188 Wn. App. at 382-83.

The unlawful detainer statute, RCW 59.12.030(6), states:

A person who, without the permission of the owner and without having color of title thereto, enters upon land of another and who fails or refuses to remove therefrom after three days' notice, in writing and served upon him or her in the manner provided in RCW 59.12.040. Such person may also be subject to the criminal provisions of chapter 9A.52 RCW.

---

[2] Emphasis added.

In an unlawful detainer action filed by the purchaser of property at a nonjudicial foreclosure trustee's sale, the purchaser must establish that 20 days have elapsed since the trustee's sale and the purchaser complied with the procedural requirements under the unlawful detainer statute. See RCW 61.24.040(11), .060(1); Laffranchi v. Lim, 146 Wn. App. 376, 383, 190 P.3d 97 (2008), abrogated on other grounds by MHM&F, LLC v. Pryor, 168 Wn. App. 451, 277 P.3d 62 (2012). We treat unchallenged findings as verities on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

The unchallenged findings of fact support the decision to issue a writ of restitution. The findings establish that 20 days had elapsed since McCullum purchased the property and that without color of title or permission, Colombi refused to move out of the Renton house. The findings state, "Pursuant to Chapter 61.24 RCW, [Colombi]'s right to occupancy was terminated by the Notice of Trustee's Sale, dated December 15, 2017." The court found that after the sale, McCullum "provided an additional notice of sale to [Colombi], on or about April 26, 2018." The court found, "More than 20 days have elapsed since the Trustee's sale of the property" and Colombi has "failed to vacate and surrender the Property and continue[s] to reside in the Property in violation of RCW 59.12.020 and RCW 59.12.030(1)." The findings state Colombi "provided no proof of a valid tenancy" and is "still in possession of the premises." The unchallenged findings support the court's conclusion that McCullum met the requirements under the unlawful detainer statute, Colombi "unlawfully detained the premises," and McCullum "is entitled

to possession of the subject property." The court did not err in issuing the writ of restitution.[3]

Judicial Foreclosure

In October 2006, Homecomings Financial LLC loaned Deborah Colombi $360,000.00 to purchase property located at 19251 218th Avenue Southeast, Maple Valley, Washington, 98038. On October 31, 2006, Colombi signed a promissory note for the loan amount. The promissory note requires Colombi to make monthly payments of $1,090.17 until November 1, 2046. Colombi executed a deed of trust on the property to secure the promissory note. On November 6, 2006, Colombi recorded the deed of trust with the county auditor.

Colombi stopped making monthly payments on September 1, 2009. On June 16, 2017, Deutsche Bank Trust Company Americas as the trustee filed a judicial foreclosure action against Colombi; King County Superior Court Cause No. 17-2-15726-1 KNT. The complaint alleged the unpaid principal balance totaled $393,614.02.

On August 22, 2018, Colombi filed an appeal of the judicial foreclosure action.

On January 25, 2019, the court granted Deutsche Bank's motion for summary judgment and entered a "Judgment and Decree of Foreclosure" in favor of Deutsche Bank on the Maple Valley property.

As a general rule, under RAP 2.2(a), a party may appeal only a final order or judgment. Because the Judgment and Decree of Foreclosure was not entered until after the appeal was filed, we dismiss the appeal of the judicial foreclosure action as untimely. RAP 2.2(a).

---

[3] We decline to award attorney fees to McCullum under RAP 18.9(a).

We affirm the order issuing a writ of restitution in the unlawful detainer action.

We dismiss the appeal in the judicial foreclosure action as not timely.[4]

WE CONCUR:

_____

_____                    _____

___
[4] To the extent Colombi is seeking to file suit and allege claims against Judge John McHale, Judge Julia Garratt, Commissioner Mark Hillman, Judge Helen Halpert (retired), and Judge Monica Benton (retired), it is well established that judges and commissioners are absolutely immune from suit where, as here, the judicial officers are acting in their judicial capacity. See Taggart v. State, 118 Wn.2d 195, 203, 822 P.2d 243 (1992).