IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | No. 32994-1-III |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| | ) | PUBLISHED OPINION |
| IBRAHIMA NDIAYE, JOHN DOE, JANE DOE AND ALL OCCUPANTS OF THE PREMISES LOCATED AT 819 OAKCREST DRIVE SOUTHEAST, LACEY, WA 98503, | ) ) ) ) ) ) | |
| Appellants. | ) ) | |

FEARING, J. — Ibrahima Ndiaye signed a deed of trust for a loan on his Washington home. The ubiquitous Mortgage Electronic Registration Systems, Inc., (MERS) served as the original beneficiary under the deed of trust. After an assignment of the beneficiary interest in the deed of trust to Fannie Mae, Fannie Mae foreclosed on the home and initiated this unlawful detainer action to evict Ndiaye. Because of MERS' role as beneficiary, Ndiaye defended the unlawful detainer action on the ground that Fannie Mae could not establish a chain of title. The trial court summarily granted a writ of restitution to Fannie Mae. On appeal, Ndiaye argues that the trial court should have denied the application for the writ because a question of fact as to Fannie Mae's title

required a trial before issuance of the writ. Because Ndiaye failed to raise his defense before the foreclosure sale, we disagree and affirm the granting of the writ of restitution.

## FACTS

On April 24, 2007, Ibrahima Ndiaye granted a deed of trust on 819 Oakcrest Drive Southeast in Lacey, Washington, to MERS solely as a nominee for Ward Lending Group, LLC (Ward Lending). The deed of trust secured a loan extended to Ndiaye for $205,000 to purchase the home at the address. No party filed with the trial court a copy of the promissory note. Presumably Ward Lending was the holder of the promissory note signed by Ndiaye. The deed of trust declared that Ibrahima Ndiaye, on April 24, 2007, signed a note stating he borrowed $205,000 from the lender. The deed of trust designated MERS as beneficiary, Ward Lending as lender, and Thurston County Title Company as trustee. The deed of trust was filed with the Thurston County Auditor.

On December 1, 2008, Ibrahima Ndiaye defaulted on the loan from Ward Lending. On May 19, 2009, MERS, acting as beneficiary, assigned the deed of trust and note to CitiMortgage, Inc. On May 22, 2009, CitiMortgage appointed Northwest Trustee Services, Inc., as successor trustee. On May 27, 2009, the assignment and designation of successor trustee were recorded with the Thurston County Auditor.

On May 3, 2011, Nationstar Mortgage, LLC (Nationstar) signed a declaration claiming to be the holder of the promissory note signed by Ibrahima Ndiaye. On June 27, 2011, CitiMortgage assigned the deed of trust and "all beneficial interest under that

2

certain deed of trust" to Nationstar. CP at 43. On June 28, 2011, Northwest Trustee Services, acting as Nationstar's agent, mailed and posted at Ibrahima Ndiaye's home a notice of default. Nationstar recorded its assignment on July 14, 2011.

On January 17, 2012, Northwest Trustee Services posted, mailed, and published notice of the Trustee's sale of Ibrahima Ndiaye's home. The notice informed Ndiaye that the sale was set for April 20, 2012, at 10:00 a.m. Before the sale, Northwest Trustee Services received the beneficiary declaration from Nationstar, dated May 3, 2011, declaring Nationstar to be the "actual holder of the promissory note or other obligation evidencing the above-referenced loan or has requisite authority under RCW 62A.3-301 to enforce said obligation." CP at 45.

Ibrahima Ndiaye requested a loan modification under the Federal Home Affordable Modification Program. In response, on March 8, 2012, Julie Nunn, a "FNMA Foreclosure Prevention Specialist" at Nationstar, emailed documents to Ibrahima Ndiaye and requested his recent paystubs, bank statements, and 2010 tax return. CP at 162. On March 30, 2012, Nationstar denied Ndiaye's request for a loan modification. On April 10, 2012, Ndiaye called Nationstar. Nationstar then verbally notified Ndiaye of the denial and informed him that he could be eligible for "a non-delegated modification." CP at 59. During the call, Nationstar reminded Ndiaye that the foreclosure sale had already been scheduled. On April 11, 2012, Nationstar called Ndiaye and informed him of its denial of a non-delegated modification. On April 20, 2012, the trustee's sale proceeded.

3

Federal National Mortgage Association (Fannie Mae) was the highest bidder at the sale, and it received a Trustee's Deed on May 2, 2012.

On May 11, 2012, Fannie Mae mailed and posted notices to vacate the Lacey home. Ibrahima Ndiaye did not did not vacate.

## PROCEDURE

Fannie Mae filed this unlawful detainer action to evict Ibrahima Ndiaye and any residents of the Lacey home. Ibrahima Ndiaye filed an answer raising three affirmative defenses: (1) Fannie Mae confused him by providing him 60 and 90 day notices to vacate the home, and then suing to evict prior to 90 days after the sale, (2) Fannie Mae's trustee's deed was invalid because of title defects, and (3) the parties engaged in a loan modification process and he believed the trustee's sale would be postponed until the process ended.

On April 5, 2013, the trial court entertained a show cause motion brought by Fannie Mae. With the motion, Fannie Mae sought an immediate writ of restitution restoring the home to it. At the hearing, Ibrahima Ndiaye asserted that factual questions surrounded the validity of MERS' conveyance to CitiMortgage and whether Fannie Mae held good title to the home. Thus, Ndiaye argued the question of possession could not be resolved at a show cause hearing. The trial court agreed with Ndiaye and issued an order assigning the case to another trial court judge to resolve issues of fact.

On June 21, 2013, Fannie Mae filed before the assigned trial judge a motion for

4

summary judgment, requesting the court enter an order issuing a writ of restitution in

Fannie Mae's favor. On July 19, 2013, over Ibrahima Ndiaye's objection, the trial court

granted Fannie Mae's motion by issuing a writ of restitution. The court orally ruled:

> I realize that the nonjudicial foreclosure issues have caused lots of
> litigation of late in this state and in other states; however, I am still of the
> opinion, and I have not seen the case that changes that, that an unlawful
> detainer action is not the appropriate place to raise a collateral attack on the
> nonjudicial foreclosure, and so here today here's what I'm going to do.
> You can call this a summary judgment if you want. I'm not really sure that
> that's appropriate.
> I'm simply granting the writ of restitution to the plaintiff.

Report of Proceedings (RP) (July 19, 2013) at 14.

## LAW AND ANALYSIS

Ibrahima Ndiaye contends on appeal that the trial court should have allowed a

collateral attack to the deed of trust foreclosure in this unlawful detainer action. Ndiaye

argues that MERS could not serve as beneficiary under the original deed of trust and thus

could not assign any interest in the deed of trust to another party. He urges this court to

remand his case for trial. Fannie Mae contends that Ndiaye needed to raise this defense

before the deed of trust foreclosure sale. We agree with Fannie Mae.

RCW 59.12.032 authorizes the purchaser at a deed of trust foreclosure sale to

bring an unlawful detainer action to evict the previous owner of the home, provided the

sale complied with the statutory foreclosure rules. Ibrahima Ndiaye does not contend that

Nationstar violated any of those rules. In turn, RCW 61.24.060(1) provides, in relevant

5

part:

> (1) The purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the borrower and grantor under the deed of trust and anyone having an interest junior to the deed of trust, including occupants who are not tenants, who were given all of the notices to which they were entitled under this chapter. The purchaser shall also have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW.

Unlawful detainer is a summary proceeding for obtaining possession of real property, and the cause of action holds priority in scheduling over other civil cases. *Puget Sound Inv. Grp., Inc. v. Bridges*, 92 Wn. App. 523, 526, 963 P.2d 944 (1998). The action is a narrow one, limited to the question of possession and related issues such as restitution of the premises and rent. *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). Unlawful detainer actions offer a plaintiff the advantage of speedy relief, but do not provide a forum for litigating claims to title. *Puget Sound Inv. Grp., Inc. v. Bridges*, 92 Wn. App. at 526. Counterclaims may not be asserted in an unlawful detainer action. *Granat v. Keasler*, 99 Wn.2d 564, 570, 663 P.2d 830 (1983). The only exception to this rule is "when the counterclaim, affirmative equitable defense, or setoff is 'based on facts which excuse a tenant's breach.'" *Munden v. Hazelrigg*, 105 Wn.2d at 45 (quoting *First Union Mgt., Inc. v. Slack*, 36 Wn. App. 849, 854, 679 P.2d 936 (1984)).

In a nonjudicial foreclosure, the grantor of the deed of trust, when facing the loss of his property, can bring an action to restrain the trustee's sale "on any proper legal or equitable ground." RCW 61.24.130(1). Failure to pursue presale remedies can, in some

6

circumstances, constitute equitable waiver of those defenses. RCW 61.24.040(1)(f)(IX). Our Supreme Court has announced that waiver of defenses to a trustee's sale occurs when a party: (1) received notice of the right to restrain the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale. *Albice v. Premier Mortg. Servs. of Washington, Inc.*, 174 Wn.2d 560, 569, 276 P.3d 1277 (2012); *Plein v. Lackey*, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003). Allowing the borrower to delay asserting a defense until after the sale would defeat the spirit and intent of the deed of trust act. *Plein v. Lackey*, 149 Wn.2d at 228. The intent is to provide an efficient and inexpensive foreclosure process. *Albice v. Premier Mortg. Servs.*, 174 Wn.2d at 567.

Ibrahima Ndiaye concedes he received notice that he possessed a right to restrain the sale and he failed to bring the action to restrain. He contends, however, that a trier of fact should determine whether he had actual or constructive knowledge of a defense prior to the sale. In other words, he argues the second element of waiver is missing. He defends the unlawful detainer action on the ground that MERS could not have been a beneficiary under a deed of trust, MERS lacked power to convey any interest in the original deed of trust, and, therefore, Fannie Mae cannot perfect its chain of title.

In light of *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012), Ndiaye may be correct that Fannie Mae could not establish chain of title. In *Bain*, our state high court held that MERS could not serve as a beneficiary under a deed

7

of trust because it was not the holder of the promissory note, a prerequisite under the Washington deed of trust act. *See* RCW 61.24.005(2). Under *Bain*, MERS could not serve as a beneficiary under the deed of trust executed by Ibrahima Ndiaye if MERS was not the holder of the promissory note. Neither party produced below the promissory note, nor presented evidence as to whether MERS was the holder at the time Ndiaye signed the deed of trust. We could presume that Ward Lending, rather than MERS, was the original holder of the note since Ward Lending loaned the money.

Regardless of whether MERS was the holder of the promissory note, Ibrahima Ndiaye's defense to this suit fails as a matter of law. Stated differently, waiver applies as a matter of law. The public record showed MERS to be the original beneficiary of the deed of trust long before the trustee's sale. Ndiaye signed the deed of trust listing MERS as the beneficiary. Ndiaye also signed the original promissory note and could and should have known the identity of the original holder of the note. Although the Supreme Court did not issue the *Bain* decision until after the present deed of trust foreclosure sale, RCW 61.24.005(2) always read that only the holder of the note could serve as the beneficiary under the deed of trust. Therefore, Ibrahima Ndiaye had constructive notice that MERS could not serve as a beneficiary and of any defect in the chain of title before the foreclosure sale. Ndiaye presents no argument to the contrary.

Many principles of law confirm that Ibrahima Ndiaye had constructive notice of any defect in title as early as his signing of the mortgage and promissory note. If a

8

person exercising reasonable care could have known a fact, he or she is deemed to have had knowledge of that fact. *Denaxas v. Sandstone Court of Bellevue, LLC*, 148 Wn.2d 654, 667, 63 P.3d 125 (2003). One cannot be heard to say that he did not know of these matters which were open, obvious, and of public record. *Dowgialla v. Knevage*, 48 Wn.2d 326, 335, 294 P.2d 393 (1956). One is presumed to know the law. *Nugget Properties, Inc. v. County of Kittitas*, 71 Wn.2d 760, 765, 431 P.2d 580 (1967).

Questions of title are usually a matter of public record. Therefore, unlawful detainer actions are not the proper forum to litigate questions of title. *Puget Sound Inv. Grp., Inc. v. Bridges*, 92 Wn. App. at 526 (1998). As a means to gain possession of real property, unlawful detainer is available to one who holds a title as a purchaser at a deed of trust foreclosure sale. *Puget Sound Inv. Grp., Inc. v. Bridges*, 92 Wn. App. at 526.

The trial court committed no error in ordering a writ of restitution in favor of Fannie Mae.

## CONCLUSION

We affirm the trial court's ruling granting Fannie Mae a writ of restitution.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, J.

9