IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) | No. 34971-3-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| PAMELA S. OWEN AND JOHN/JANE DOE OWEN, WIFE AND HUSBAND; JOHN AND JANE DOE, UNKNOWN OCCUPANTS OF THE PREMISES, | ) ) ) ) ) ) | |
| Appellants. | ) | |

LAWRENCE-BERREY, J. — In this unlawful detainer action, Pamela Owen appeals

from the trial court's order reissuing a writ of restitution. The writ directed the sheriff to

deliver possession of the subject property to its owner, the Federal Home Loan Mortgage

Corporation (Freddie Mac). Ms. Owen argues a tax document she received, Internal

Revenue Service (IRS) Form 1099-A, demonstrates the underlying foreclosure sale was

unlawful. Because unlawful detainer proceedings do not provide a forum for litigating

issues not directly related to the right of possession between the parties, we disagree with

Ms. Owen and affirm the trial court's order reissuing the writ.

FACTS

In November 2005, Ms. Owen bought the subject property located in Vancouver, Washington. The deed of trust and promissory note were both granted in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary and nominee for the lender.[1] In 2011, MERS assigned the deed of trust and note to Bank of America, N.A., who later appointed Trustee Corps as successor trustee.

Ms. Owen defaulted on her loan. In 2014, Bank of America asked Trustee Corps to sell the property to satisfy Ms. Owen's outstanding obligation. Trustee Corps served and recorded a notice of trustee's sale. The notice advised that anyone who objected to the sale could sue to restrain the sale, and that failing to do so could result in waiver of any grounds for invalidating the sale. On January 16, 2015, Trustee Corps held a nonjudicial foreclosure sale and sold the subject property to Freddie Mac, the highest bidder. Trustee Corps then conveyed the deed of trust to Freddie Mac.

Ms. Owen did not leave the property. On March 6, 2015, Freddie Mac served Ms. Owen with a summons and complaint for unlawful detainer alleging that Ms. Owen was wrongfully occupying the subject property. On April 2, 2015, Freddie Mac filed the

---

[1] The record contains the deed of trust, but not the note. The recitals in the trustee's deed indicate the note was executed in favor of MERS.

2

summons and complaint with the trial court, along with a copy of the recorded trustee's deed upon sale. On April 3, the trial court entered a default judgment in favor of Freddie Mac, finding that Freddie Mac had properly served Ms. Owen, and that since being served, Ms. Owen failed to file or serve any response.

The trial court found that Freddie Mac owned the subject property due to its successful bid at the trustee's sale, and was therefore entitled to immediate possession. The trial court also found that Ms. Owen refused to surrender possession of the property. The trial court ordered the clerk to issue a writ of restitution directing the sheriff to evict Ms. Owen and restore possession to Freddie Mac.

Several weeks later, Ms. Owen moved to quash the service of the unlawful detainer summons, vacate the court's order finding unlawful detainer, and stay the writ of restitution. *See* Ruling Granting Motion on the Merits to Affirm, *Fed. Home Loan Mortg. Corp. v. Owen*, No. 47566-9-II, at 2 (Oct. 16, 2015). She asserted her failure to respond was the result of deficiencies in the summons and complaint. *Id.* After a hearing, the trial court denied her motions. *Id.*

Ms. Owen appealed to the Court of Appeals. She argued the trial court lacked jurisdiction to enter the April 3, 2015 orders because Freddie Mac did not file the summons and complaint for unlawful detainer with the trial court before serving them on

3

her. *Id.* Freddie Mac moved under RAP 18.14(e)(1) to affirm the trial court's orders. *Id.* at 1. A Court of Appeals commissioner concluded Ms. Owen's appeal was clearly without merit and affirmed the trial court's orders granting default judgment and issuing the writ. *Id.* at 5.

Ms. Owen also filed a separate lawsuit in federal court against the Clark County sheriff, Freddie Mac, Freddie Mac's attorneys, and Trustee Corps. *See Owen v. Atkins*, No. C15-5375-BHS (W.D. Wash. 2015). She asserted claims under the Washington Consumer Protection Act (CPA), chapter 19.86 RCW, and claims under 42 U.S.C. § 1983 for violation of her federal rights. The federal court dismissed Ms. Owen's claims.

Around this time, Bank of America sent Ms. Owen a copy of IRS Form 1099-A, relating to acquisition or abandonment of secured property. Ms. Owen filed the IRS Form 1099-A in federal court, arguing it supported her CPA and § 1983 claims. The federal court characterized Ms. Owen's motion as "essentially a motion for reconsideration," noted it had already dismissed her conspiracy claims with prejudice, and denied Ms. Owen's motion. Clerk's Papers (CP) at 61.

Following the mandate from the Washington State Court of Appeals, Freddie Mac moved the state trial court for an order reissuing the writ of restitution, given that the prior writ had expired. Ms. Owen then moved to vacate the trial court's original default

4

judgment and dismiss Freddie Mac's original complaint for unlawful detainer. She

argued the IRS Form 1099-A demonstrated that MERS, Bank of America, and Trustee

Corps illegally foreclosed on her mortgage.

Freddie Mac responded, arguing that the federal court had already rejected Ms.

Owen's claim that the IRS Form 1099-A demonstrated an unlawful conspiracy to

foreclose on her home. Thus, Freddie Mac argued collateral estoppel barred her from re-

litigating the issue in her motion to vacate. Freddie Mac also argued Ms. Owen could not

challenge the underlying foreclosure sale in an unlawful detainer action.

The trial court entered an order reissuing the writ of restitution. Ms. Owen timely

appealed the trial court's order reissuing the writ.

## ANALYSIS

Ms. Owen argues the trial court lacked authority to reissue the writ of restitution

because IRS Form 1099-A demonstrates the foreclosure sale was unlawful. She contends

the form proves "MERS was an unlawful 'beneficiary'" under the original deed of trust,

and thus could not assign the deed of trust to Bank of America. Br. of Appellant at 4.

She argues that because of this, Bank of America had no authority to foreclose on her

5

property.[2]

The purchaser at a deed of trust foreclosure sale may bring an unlawful detainer action to evict the previous owner of the home, provided the sale complied with the statutory foreclosure rules. *See* RCW 59.12.032. The purchaser is entitled to possession of the property on the 20th day following the sale, provided that the borrower and occupant received notice of the sale. *See* RCW 61.24.060(1).

Unlawful detainer is a summary proceeding for obtaining possession of real property. *Fed. Nat'l Mortg. Ass'n v. Ndiaye*, 188 Wn. App. 376, 382, 353 P.3d 644 (2015). It is a narrow action limited to the question of possession and related issues. *Id.* It does not provide a forum to litigate claims to title. *Id.* To protect the proceeding's summary nature, "other claims, including counterclaims, are generally not allowed," except for those that excuse the tenant's failure to pay rent. *Heaverlo v. Keico Indus., Inc.*, 80 Wn. App. 724, 728, 911 P.2d 406 (1996); *see Ndiaye*, 188 Wn. App. at 382.

---

[2] Ms. Owen vaguely raises numerous other assignments of error. She alleges that Freddie Mac, rather than Trustee Corps, was responsible for ensuring the trustee's sale complied with statutory requirements. She also alleges that Freddie Mac's complaint for unlawful detainer was facially deficient, that the trustee's sale failed to comply with statutory requirements under RCW 61.24.030(7), (9), that the federal court order estopped the trial court from issuing the writ, and that Freddie Mac was not entitled to pursue an unlawful detainer action because she had color of title. Ms. Owen raises all of these contentions for the first time on appeal, many of them for the first time in her reply brief. Accordingly, this court declines to address them. *See* RAP 2.5(a); RAP 10.3(c).

Here, it is undisputed that Freddie Mac purchased the property at the January 16, 2015 trustee's sale. The trustee's deed, recorded in Clark County on January 22, 2015, conveyed title in the property to Freddie Mac. *See* RCW 61.24.050(1). It is likewise undisputed that over 20 days passed before Freddie Mac served and filed its summons and complaint for unlawful detainer. Nothing in the record suggests that Freddie Mac failed to comply with any of chapter 59.12 RCW's procedures, or that the trial court improperly resolved the question of possession.

A.    IRS FORM 1099-A

Ms. Owen argues, as she did below, that IRS Form 1099-A demonstrates the foreclosure sale was unlawful. Even assuming Ms. Owen could challenge the underlying foreclosure in this unlawful detainer action (which she cannot), she fails to explain how this form has any bearing on foreclosure proceedings under the deeds of trust act, chapter 61.24 RCW. Under federal income tax laws, a commercial lender must provide the borrower with this form when it acquires an interest in secured property to satisfy a debt, or when it knows its property has been abandoned. *See* 26 U.S.C. § 6050J(a). The IRS requires the lender to do this so the borrower can calculate the gain or loss on the property's disposition and report it on his or her tax return. *See* Topic 432 - Form 1099-A, Internal Revenue Service, (updated Apr. 25, 2017),

7

https://www.irs.gov/taxtopics/tc432.html. Contrary to Ms. Owen's assertion, IRS Form

1099-A is not evidence that Bank of America wrongfully foreclosed on her property.

B.    CHAIN OF TITLE

Ms. Owen also argues Bank of America could not foreclose on her property

because MERS was improperly listed as the beneficiary on the original deed of trust.

When facing nonjudicial foreclosure, a borrower can sue to restrain the trustee's

sale "on any proper legal or equitable ground." RCW 61.24.130(1). Failure to do so can

waive valid defenses. RCW 61.24.040(1)(f)(IX). Waiver applies when the borrower

(1) had notice of the right to restrain the sale, (2) had actual or constructive knowledge of

a defense to foreclosure prior to the sale, and (3) failed to bring a lawsuit to enjoin the

sale. *Ndiaye*, 188 Wn. App. at 382.

In *Ndiaye*, the borrower never sued to restrain the trustee's sale and later defended

the unlawful detainer action on the ground that MERS was an improper beneficiary under

the deed of trust and, therefore, MERS lacked power to convey any interest in the original

deed of trust. *Id.* at 383. Citing *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d

83, 285 P.3d 34 (2012), the *Ndiaye* court acknowledged the borrower could be correct

that MERS was an improper beneficiary. *Ndiaye*, 188 Wn. App. at 383. Nevertheless,

the court held that the borrower waived this claim as a matter of law. *Id.* The court

8

reasoned that the deed of trust listed MERS as its original beneficiary long before the trustee's sale. *Id.* at 383-84. The court concluded the borrower had constructive notice, before the foreclosure sale, that MERS was an improper beneficiary and that the chain of title could be defective. *Id.* at 384.

Likewise, here, the notice of trustee's sale advised Ms. Owen that she could sue to restrain the sale, and that failing to do so could result in waiver. Ms. Owen also had constructive notice of this defense prior to the sale—she signed the deed of trust in 2005, which listed MERS as the beneficiary. Our Supreme Court also issued the *Bain* decision years before the trustee's sale, so Ms. Owen had ample notice that this was a potential defense. Lastly, nothing in the record indicates Ms. Owen ever sued to restrain the trustee's sale. Again assuming Ms. Owen could challenge the underlying foreclosure in this case, Ms. Owen waived her chain of title defense to the foreclosure sale.

Ms. Owen's appeal challenges the merits of the underlying foreclosure and trustee's sale. Because chapter 59.12 RCW unlawful detainer proceedings do not provide a forum for litigating issues not directly related to the right of possession between the parties, we conclude the trial court did not err when it reissued the writ of restitution.

No. 34971-3-III
*Fed. Home Loan Mortg. Corp. v. Owen*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____                    _____
Fearing, C.J.                                        Pennell, J.

10