# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEAN E. MCDONALD, | No. 83799-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| DANA MCDONALD, | UNPUBLISHED OPINION |
| Appellant. | |

BIRK, J. — Dana McDonald seeks reversal of summary judgment entered against her in an action for forcible detainer and unlawful detainer. She claims the trial court erred by failing to consider her request for a continuance and by granting summary judgment in Dean McDonald's favor. Finding no error, we affirm.

I

In 1984, Evelyn McDonald established the "McDonald Trust," naming herself and her son, Dean,[1] as co-trustees. The declaration of trust provided, in pertinent part, that (1) "[a]ll rights as Trustor shall now be given to" Dean, (2) the trustees are authorized to "distribute any of the Real Estate property, described on Schedule A, attached hereto, directly to any of my children or grandchildren, whether minors or adults,"[2] and (3) upon Evelyn's death, "the remaining of the Trust Estate shall be continued in trust, at which time the Trustee, (DEAN E.

---

[1] We use the parties' first names for clarity and intend no disrespect.
[2] Schedule A provides the legal description of the real property in Island county that is at issue in this appeal.

MCDONALD) shall appoint her oldest son (WAYNE A. MCDONALD) as a successor Trustee." Evelyn and Dean conveyed the real property to the McDonald Trust in 1986.

Wayne and his wife, Dana, lived on the McDonald Trust property with permission since at least 2010 "without a rental agreement or any requirement to pay rent." And although Wayne was entitled to be appointed " 'as a successor trustee' " of the McDonald Trust upon Evelyn's death in 2013, Dean elected not to appoint him. Wayne never sought to enforce the McDonald Trust's successor trustee provision.[3]

In April 2016, acting as trustee of the McDonald Trust, Dean withdrew and terminated permission for Wayne and Dana to occupy the property. When Wayne and Dana refused to vacate the property, Dean filed a complaint alleging unlawful entry and detainer. In that action, the Island County Superior Court found "[t]he trustee of the McDonald Trust is the lawful title owner of the real property" and concluded "[t]he fact that Wayne McDonald has not been appointed trustee of the McDonald Trust does not deprive plaintiff Dean McDonald of the trustee power to manage real property owned by the trust." After concluding that Wayne and Dana were guilty of unlawful detainer in July 2016, the court authorized the issuance of a writ of restitution to evict them from the property.

---

[3] Wayne could have initiated an action under the Trust and Estate Dispute Resolution Act, chapter 11.96A RCW, but the record does not indicate that he ever did so.

2

Several years later, in January 2020, Dana pleaded guilty to domestic violence felony violation of a court order for an incident involving Wayne. She was sentenced to serve 19 months in prison, 19 months in community custody, and ordered to not have contact with Wayne or come within 300 feet of his home or residence until January 2025.

Wayne died in April 2021. Afterward, Dean blocked the roadway leading to a cabin on the McDonald Trust property with debris. Despite these obstacles and without Dean's permission, Dana began residing on the property again in May 2021. Dean admitted to being aware of her presence on the property, placing padlocks on the cabin doors, and disconnecting the cabin's supply of power and water.

In July 2021, Dean recorded a trustee's deed conveying the McDonald Trust property to himself.[4] The following month he served Dana with a three day notice to vacate for trespassing. Dana did not comply and continued to occupy the property.

In November 2021, Dean filed a complaint against Dana for forcible detainer and unlawful detainer under chapter 59.12 RCW seeking a writ of restitution. Dana filed an answer to the complaint, asserted affirmative defenses,[5] and commenced discovery. In written discovery, Dana sought any amendments to the original trust

---

[4] In December 2021, Dean re-recorded the trustee's deed to correct scrivener errors involving the abbreviated legal description, tax parcel number, and property identification number.

[5] Dana asserted that (1) Dean lacked standing to file the complaint, (2) the property was part of Wayne's estate and her community property, (3) Dean lacks standing to act as a trustee for the McDonald Trust and was not a beneficiary of the trust, and (4) Dean harassed and intimidated her.

document, as well as documents ancillary to trust administration. Dean answered Dana's written discovery, indicating that the original trust document was the only document evidencing the trust that he knew of and producing a copy, and declining to provide any other documents as not relevant to the subject matter of the forcible detainer and unlawful detainer action. Dana requested a discovery conference pursuant to CR 26 which occurred, but she never sought an order compelling discovery pursuant to CR 37.

In January 2022, Dean filed a motion for summary judgment. Dean supported his motion by relying on the pleadings, public records showing the property's chain of title, and Evelyn's trust declaration. He also submitted a declaration testifying, "I did not appoint Wayne as a successor trustee," Dana "has never been a beneficiary of the McDonald Trust," and "[a]fter my brother Wayne died, as trustee I conveyed the trust real property to the only remaining beneficiary, Dean McDonald."

In response to the motion for summary judgment, Dana argued there was no evidence that Dean was the trustee of the McDonald Trust or had the authority to convey the trust's property to himself. She also argued in her opposing papers that the court should allow a continuance under CR 56(f), contending that the evidence she needed to fully respond to Dean's motion was solely in his possession and Dean had "vigorously resisted all requests for disclosure of the information."

After hearing argument, the trial court concluded Dana was guilty of forcible and unlawful detainer, granted summary judgment to Dean, and authorized the issuance of a writ of restitution. Dana appeals.

II

Dana contends the trial court erred by granting summary judgment because genuine issues of material fact exist and by failing to rule on her request for a continuance.[6] We disagree.

A

We review summary judgment rulings de novo and engage in the same inquiry as the trial court. Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We construe all facts and reasonable inferences from them in the light most favorable to the nonmoving party. Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

B

Dana claims that issues of material fact exist on whether Dean had standing to bring this action against her and on who owns the property.

In an unlawful detainer action, " 'the court sits as a special statutory tribunal to summarily decide the issues authorized by statute and *not* as a court of general

---

[6] Dana has represented herself throughout the majority of these proceedings. We hold self-represented litigants to the same standards as attorneys. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

jurisdiction with the power to hear and determine other issues.' " Angelo Prop. Co. v. Hafiz, 167 Wn. App. 789, 808-09, 274 P.3d 1075 (2012) (quoting Granat v. Keasler, 99 Wn.2d 564, 571, 663 P.2d 830 (1983)). "The action is a narrow one, limited to the question of possession and related issues such as restitution of the premises and rent." Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). As such, the court lacks authority to address disputes unrelated to possession. Granat, 99 Wn.2d at 570-71.

> A person is guilty of unlawful detainer under RCW 59.12.030(6) who,
>
> without the permission of the owner and without having color of title thereto, enters upon land of another and who fails or refuses to remove therefrom after three days' notice, in writing and served upon him or her in the manner provided in RCW 59.12.040.

Here, despite admitting to occupying the property after receiving three days' notice to vacate, Dana attempted to defend against the unlawful detainer action by challenging whether Dean had "submitted evidence to support his claims of being the Trustee of the McDonald Trust," had "legal authority to convey McDonald Trust property to himself," and had validly re-recorded the trustee's deed in December 2021. But an unlawful detainer action does " 'not provide a forum for litigating claims to title.' " Selene RMOF II REO Acquisitions II, LLC v. Ward, 189 Wn.2d 72, 81-82, 399 P.3d 1118 (2017) (quoting Fed. Nat'l Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 382, 353 P.3d 644 (2015)). Dana neither presented evidence she was entitled to possession nor offered other defenses to the unlawful detainer action. None of Dana's stated defenses spoke to establishing a right to the possession that she enjoyed. Dana's stated defenses disputed only Dean's

6

standing by challenging his legal interest in the property. Dean established his title ownership of the property, and Dana established no color of title or other basis for possession. The trial court properly granted summary judgment to Dean.[7]

C

Dana's chief argument both in the trial court and on appeal is that she needed additional discovery to attempt to establish a fact question about Dean's interest in the property. Dana contends that because the trial court did not explicitly rule on her CR 56(f) request for a continuance, the court erred and remand is required. The trial court entered an order on the only motion with which it was presented, Dean's motion for summary judgment. We conclude from the record both that the order was appropriate and that Dana was not entitled to CR 56(f) relief.

CR 56(f) states,

Should it appear from the affidavits of a party opposing the motion that for reasons stated, [they] cannot present by affidavit facts essential to justify [their] opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

A court may deny a CR 56(f) motion if " '(1) the moving party does not offer a good reason for the delay in obtaining the evidence; (2) the moving party does not state what evidence would be established through the additional discovery; or

---

[7] We also conclude the elements of forcible detainer were met here, so summary judgment on that action was proper. A person is guilty of forcible detainer when he or she, like Dana in this case, "in the nighttime, or during the absence of the occupant of any real property, enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant." RCW 59.12.020(2).

(3) the evidence sought will not raise a genuine issue of fact.' " West v. Seattle Port Comm'n, 194 Wn. App. 821, 833-34, 380 P.3d 82 (2016) (quoting Coggle v. Snow, 56 Wn. App. 499, 507, 784 P.2d 554 (1990)). A trial court's CR 56(f) ruling is reviewed for an abuse of discretion. Mut. of Enumclaw Ins. Co. v. Patrick Archer Constr., Inc., 123 Wn. App. 728, 743, 97 P.3d 751 (2004).

Dana argues the trial court was required to enter a separate order on her request for CR 56(f) relief. Although the trial court did not do so, its denying her request was inherent in ruling that the court was not entitled to reach issues of title in the unlawful detainer action. Further, in the absence of a reason for a discretionary ruling, we may affirm if it is apparent from the record that there was a tenable reason for denying the motion. See Snohomish Reg'l Drug Task Force v. 414 Newberg Rd., 151 Wn. App. 743, 761, 214 P.3d 928 (2009) (where it is obvious from the record why amendment would have been futile, the trial court does not abuse its discretion by failing to explain its denial of leave to amend); Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 730, 189 P.3d 168 (2008) ("[C]ase law permits us to affirm without an explicit explanation for the denial in some circumstances.").

The record provides a tenable reason for denying Dana's request for CR 56(f) relief that we conclude shows Dana was not prejudiced by any lack of an explicit ruling by the trial court: Dana failed to demonstrate that any documents potentially existed that would have raised a genuine issue of material fact to defeat the unlawful detainer action, or that Dean improperly withheld any such

8

documents. Her discovery requests sought materials meant to challenge Dean's status as trustee of the McDonald Trust and his ownership of the property. Dean answered discovery, producing a copy of the only trust document he believed existed. It is purely speculative on Dana's part to suggest that there may be other documents casting doubt on the otherwise clear terms of the trust and the corresponding conveyances that Dean established. Nor does Dana establish that the evidence she speculates could exist would preclude summary judgment on the narrow issues in this action. As stated above, an unlawful detainer action is not the proper forum to litigate challenges to title. Selene, 189 Wn.2d at 81. Thus, assuming without deciding that Dana appropriately requested CR 56(f) relief, the trial court did not abuse its discretion by denying such relief.

III

Dean asks for an award of attorney fees under RAP 18.9, contending the appeal is frivolous. We may grant an award of attorney fees to a prevailing respondent in a frivolous appeal. Mahoney v. Shinpoch, 107 Wn.2d 679, 691, 732 P.2d 510 (1987); RAP 18.9(a). When an appeal presents no debatable issues upon which reasonable minds could differ, and lack merit such that no reasonable possibility of reversal exists, it is frivolous. Id. "The record should be examined as a whole, and doubts should be resolved in favor of the appellant." Id. at 691-92. "An appeal that is affirmed simply because the arguments are rejected is not frivolous." In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

9

Though we reject Dana's claims, we cannot say her appeal was so totally devoid of merit as to be frivolous. We deny Dean's request for attorney fees.

Affirmed.

_Birk, J._

WE CONCUR:

_Smith, A.C.J._     _Andrus, C.J._