IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| CHRISTOPHER WALDEN,<br><br>      Respondent,<br><br>   v.<br><br>KEITH WELCH, BRANDON WELCH,<br>and all other occupants,<br><br>      Appellants. | No. 83114-3-I<br><br><br>UNPUBLISHED OPINION |

BOWMAN, J. — Keith Welch appeals a writ of restitution evicting him from Christopher Walden's Burlington property. Welch argues that Walden improperly served his attorney with an amended complaint and that Walden had no grounds for an unlawful detainer claim under chapter 61.24 RCW. We affirm.

FACTS[1]

In 2003, Welch bought property at 857 Tinas Coma Lane in Burlington. In October 2016, he defaulted on a deed of trust associated with the property. The trustee foreclosed on the property and in February 2017, sold it at a nonjudicial foreclosure sale. U.S. Bank bought the property at the trustee's sale. Then, in November 2020, U.S. Bank sold the property to Walden, who took title by special warranty deed. At the time, Welch and his son, Brandon Welch, still lived at the property.

---

[1] We set out the underlying facts in the linked case, Welch v. Walden, No. 83427-4-I (Wash. Ct. App. July 31, 2023) (unpublished), and repeat them only as necessary.

In December 2020, Walden began an eviction proceeding against Welch. Walden posted three copies of a "Notice of Termination and Affidavit" at the property and mailed Welch a copy of the notice. But Welch did not vacate the property. So, on April 23, 2021, Walden sued for unlawful detainer and sought a writ of restitution to restore possession of the property to him. In his complaint, Walden erroneously asserted that he and Welch had a residential agreement and that Welch failed to pay rent.

Walden tried to serve Welch with the summons and complaint personally, but after five unsuccessful attempts, Walden moved to allow alternative service under RCW 59.18.055. The court granted his motion. Walden ultimately served Welch the summons for unlawful detainer, complaint for unlawful detainer, motion for order allowing alternative service, and order allowing alternative service by posting copies of the documents at the property and mailing copies to Welch by both regular and certified mail.

On June 9, 2021, Welch appeared pro se and answered the complaint. Walden then moved for an order to show cause "[w]hy a Writ of Restitution should not be issued restoring to [Walden] possession of the premises" and "[w]hy a Judgment should not be entered against [Welch] for rent owing, attorney fees, and costs, as requested in the Complaint for Unlawful Detainer."

On July 8, 2021, attorney David Day filed a limited notice of appearance on behalf of Welch. That notice says:

> Counsel's appearance in this matter shall be limited in scope to responding to the **Motion for Order to Show Cause** and appearing for Keith Welch at the hearing noted for Hearing on Show Cause . . . and any hearings thereafter relating to the right to

possession of the premises. Counsel's representation of Keith Welch shall terminate at the conclusion of the hearing on the proceedings for eviction and related possession.

This Notice of Appearance does not authorize the undersigned attorney to accept service of any other pleading in this matter, except those related to the Motion for Order to Show Cause.

The same day, Walden filed an amended complaint. He still alleged unlawful detainer but sought a writ of restitution under RCW 61.24.060(1)[2] rather than under a landlord-tenant agreement. Walden e-mailed a copy of the amended complaint to Day.

The next day, July 9, the court held a hearing on the motion to show cause. But at the beginning of the hearing, Walden told the court he amended his complaint, and Day agreed "on the record to the amendment of the pleadings." So, the court rescheduled the show cause hearing. Day answered the amended complaint on July 22, 2021.

The court held the show cause hearing on July 30, 2021. At that hearing, Welch told the court that he had "never been served with this particular amended suit" and that he would not have let Day accept service on his behalf. Day did not respond. But Walden's attorney explained that he and Day had "an agreement that [Day] would accept service of the Amended Complaint" and that Day would "take those by fax . . . or e[-]mail." Walden's attorney explained that he "sent it to Counsel . . . as agreed on." He told the court, "I don't know of any precedent that would require me, when there's a notice of appearance by an attorney, to also send everything to . . . the defendant."

---

[2] RCW 61.24.060(1) permits a purchaser at a nonjudicial foreclosure sale to pursue an unlawful detainer claim to obtain possession of the real property.

The court continued the show cause hearing to August 27, 2021, where Day argued against the writ of restitution on behalf of Welch. On August 30, 2021, the court issued a memorandum decision, ruling that Walden "is entitled to a writ of restitution." And on November 12, 2021, the court entered the writ but stayed the matter pending appeal.[3]

Welch appeals.

## ANALYSIS

Welch argues that the trial court erred by entering a writ of restitution because Walden improperly served the amended complaint and because Walden had no grounds for an unlawful detainer claim under chapter 61.24 RCW.

1. <u>Service of Amended Complaint</u>

Welch argues that Walden deficiently served the amended complaint because Day had no authority to receive service on his behalf. We disagree.

A party must serve an opposing party with "every pleading subsequent to the original complaint." CR 5(a). This rule applies to amended complaints. <u>Will v. Frontier Contractors, Inc.</u>, 121 Wn. App. 119, 126, 89 P.3d 242 (2004). The plaintiff bears the initial burden to prove a prima facie case of sufficient service. <u>Sutey v. T26 Corp.</u>, 13 Wn. App. 2d 737, 749, 466 P.3d 1096 (2020). The party challenging the sufficiency must then show by clear and convincing evidence that the service was improper. <u>Id.</u> We review proper service of a summons and complaint de novo. <u>Id.</u>

---

[3] The court conditioned the stay on Welch posting a supersedeas bond of $4,000 per month.

If a client authorizes an attorney to appear on their behalf, the attorney's acts are generally binding on the client. Ha v. Signal Elec., Inc., 182 Wn. App. 436, 447, 332 P.3d 991 (2014). But "an attorney's role may be limited to one or more individual proceedings" in an action. CR 70.1(b). And service under CR 5 on an attorney who has made a limited appearance for a party will be valid "only in connection with the specific proceedings for which the attorney has appeared, including any hearing or trial at which the attorney appeared." CR 70.1(b).

Here, Day appeared on Welch's behalf in a limited capacity. Day's notice of appearance represented that he was only authorized to accept service of pleadings "related to the Motion for Order to Show Cause." But Walden's amended complaint related to his show cause motion. Indeed, the document alleged the facts and legal theory entitling Walden to the writ of restitution and judgment—the issues to be addressed at the show cause hearing. As a result, Day had authority to accept service of the amended complaint on Welch's behalf.[4]

2. Unlawful Detainer under Chapter 61.24 RCW

Welch also argues that an unlawful detainer action was "[n]ot [a]vailable" to Walden because he was not a party to the deed of trust. We disagree.

---

[4] Welch argues this case is like Ha, where we held that a lawyer cannot "surrender a substantial right of a client without special authority granted by the client." Ha, 182 Wn. App. at 447. But that case involved an attorney's authority to accept an original summons and complaint under RCW 4.28.080(9) and CR 4. Id. at 447-48. Welch cites no authority that the "substantial right" analysis in Ha applies to service of a "pleading subsequent to the original complaint" under CR 5(a). Regardless, we conclude Day had the authority to accept service of Walden's amended complaint.

Chapter 59.12 RCW governs actions for an unlawful detainer. Unlawful detainer is a summary proceeding for obtaining possession of real property. Fed. Nat'l Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 382, 353 P.3d 644 (2015). RCW 61.24.060(1) entitles a purchaser at a trustee's sale the "right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW." And RCW 59.12.032 "authorizes the purchaser at a deed of trust foreclosure sale to bring an unlawful detainer action to evict the previous owner of the home, provided the sale complied with the statutory foreclosure rules." Ndiaye, 188 Wn. App. at 381. In other words, "[a]s a means to gain possession of real property, unlawful detainer is available to one who holds a title as a purchaser at a deed of trust foreclosure sale." Id. at 384.

Welch argues that because Walden was not an original party to the 2017 trustee's sale, he has no cause of action for unlawful detainer. But our Supreme Court rejected the same argument in Selene RMOF II REO Acquisitions II, LLC v. Ward, 189 Wn.2d 72, 80, 399 P.3d 1118 (2017). In that case, Selene bought property from a bank that had acquired it at a nonjudicial foreclosure sale. Selene, 189 Wn.2d at 75. After taking title by special warranty deed, Selene filed an unlawful detainer action under RCW 61.24.060, seeking to evict Ward, the former owner of the property. Id. at 74-75. Ward argued that Selene had no claim for unlawful detainer because the bank, not Selene, was the purchaser at the trustee's sale. Id. at 75. Our Supreme Court disagreed. Id. at 80. It concluded that the bank's purchase at the foreclosure sale "clearly included the right to pursue the unlawful detainer action." Id. And because the bank's

6

"subsequent transfer to Selene by special warranty deed conveyed [the bank]'s entire interest 'in fee simple,' " Selene received "all of [the bank]'s ownership rights," including the right to pursue an unlawful detainer action to recover possession of the property. Id.

Here, as in Selene, U.S. Bank's purchase of the property at the nonjudicial foreclosure sale included a right to pursue an unlawful detainer action. So, when Walden bought the property from U.S. Bank and took title by special warranty deed, he received U.S. Bank's entire interest, including the right to recover possession by unlawful detainer under chapter 61.24 RCW.

Welch argues that even if Selene applies, "the [trustee's] sale must have complied with the statutory foreclosure rules." According to Welch, the trustee never gave him proper notice of the trustee's sale under chapter 61.24 RCW. But an affidavit of mailing shows that "on **10/20/2016**, a copy of the Notice of Sale . . . was mailed [to the occupant at 857 Tinas Coma] in the ordinary course of business." The trustee's authorized agent sent the notice "by certified or registered mail and first class, with postage prepaid and then delivered to the United States Postal Service for delivery."[5] Welch does not explain why service by certified or registered mail does not amount to proper notice of sale. As a result, we reject his argument.

---

[5] Welch argues that the trial court erred by admitting the affidavit of mailing and several other documents at the show cause hearing because the affiants lacked personal knowledge of the events and the documents were not self-authenticating. But the documents show that the authorized agent for the trustee that commenced the trustee's sale swore to them, based on their personal knowledge. In any event, Welch improperly raised the arguments for the first time on appeal, so we do not address them. Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.3d 844 (2005) (we " 'may refuse to review any claim of error which was not raised in the trial court' ") (quoting RAP 2.5(a)).

Because Walden properly served Welch's attorney with the amended complaint and had grounds for an unlawful detainer claim under chapter 61.24 RCW, we affirm.

_____ Brennan, J

WE CONCUR:

_____ Díaz, J.

_____ Birk, J.