**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| RAYMOND HUISINGH and VALERIE HUISINGH, husband and wife, | No.  57289-3-II |
| Respondents, | |
| v. | |
| LEON A. LAWSON and RIKKI LAWSON, husband and wife, LEON A. LAWSON d/b/a DOGCON AUTO, LLC, and ANY OTHER UNKNOWN OCCUPANTS OF 460 E BEIL RD, SHELTON, WA, | UNPUBLISHED OPINION |
| Appellants. | |

LEE, J. — Leon and Rikki Lawson appeal the superior court's order granting Raymond and Valerie Huisingh's writ of restitution.  Because the Lawsons were not entitled to the notice required by RCW 61.24.060(2), the superior court did not err in granting the writ of restitution. Accordingly, we affirm the writ of restitution.

FACTS

The Lawsons owned and resided on real property located in Mason County.  The property was foreclosed on in 2019.

Deutsche Bank National Trust Company obtained title to the property following a Trustee's sale.  Deutsche Bank National Trust Company conveyed title to Balanced Life Property Investment, LLC.  The Huisinghs obtained title to the property from Balanced Life Property Investment, LLC.  The Lawsons failed to vacate the property after the Trustee's sale.

On April 7, 2022, the Huisinghs filed a complaint for unlawful detainer against the Lawsons seeking a writ of restitution to restore possession of the real property located in Mason County to the Huisinghs. The Huisinghs attached the deeds transferring title through the various conveyances and the notice of the Trustee's sale to support the complaint for unlawful detainer. A show cause hearing was set for April 25.

The Lawsons attempted to remove the unlawful detainer action to federal court. The federal district court remanded the unlawful detainer action back to the superior court. A new show cause hearing was set for July 18. The show cause hearing was continued until July 25 in order to determine the status of the pending appeal in a prior quiet title action involving the property.

At the July 25 hearing, the Huisinghs' appellate attorney informed the superior court that a motion to dismiss the appeal as untimely was pending before the court of appeals but no decision had yet been made. The superior court noted that the court of appeals decision could potentially change the Huisinghs' right to possession. Therefore, the superior court agreed to issue the writ of restitution but delayed the effective date of the writ for three weeks. Clerk's Papers at 106 ("Writ not to issue until August 16 2022."). The superior court also set a status conference for August 15.

On August 1, 2022, this court dismissed the Lawsons' appeal of the quiet title action as untimely. Ruling Dismissing Appeal as Untimely, *Lawson v. Huisingh*, No. 57330-0-II (Aug. 1, 2022). The Lawsons filed several motions in the unlawful detainer action, but ultimately, the superior court allowed the execution of the writ of restitution.

The Lawsons appeal.

ANALYSIS

The Lawsons argue that they did not receive notice as required by RCW 61.24.060, and therefore, the superior court erred by granting the writ of restitution. We disagree.

Unlawful detainer is a summary proceeding meant to obtain possession of real property. *Fed. Nat'l Mortg. Ass'n v. Ndiaye*, 188 Wn. App. 376, 382, 353 P.3d 644 (2015). An unlawful detainer action is a narrow action limited to the question of possession. *Id.* Therefore, unlawful detainer actions are not a forum for litigating claims to title. *Id.*

RCW 59.12.032 provides, "An unlawful detainer action, commenced as a result of a trustee's sale under chapter 61.24 RCW, must comply with the requirements of RCW 61.24.040 and 61.24.060." "RCW 59.12.032 authorizes the purchaser at a deed of trust foreclosure sale to bring an unlawful detainer action to evict the previous owner of the home, provided the sale complied with the statutory foreclosure rules." *Ndiaye*, 188 Wn. App. at 381; *Selene RMOF II REO Acquisitions II, LLC v. Ward*, 189 Wn.2d 72, 76-77, 399 P.3d 1118 (2017). Subsequent conveyees of the purchaser may also pursue an unlawful detainer action under RCW 59.12.032. *See Ward*, 189 Wn.2d at 80-81.

RCW 61.24.060 provides:

(1) The purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the borrower and grantor under the deed of trust and anyone having an interest junior to the deed of trust, including occupants who are not tenants, who were given all of the notices to which they were entitled under this chapter. The purchaser shall also have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW.
   (2) If the trustee elected to foreclose the interest of any occupant or tenant, the purchaser of ***tenant-occupied property*** at the trustee's sale shall provide written notice to the occupants and tenants at the property purchased . . . .

       . . . .

No. 57289-3-II

> (3) The notice required in subsection (2) of this section must be given to the property's occupants and tenants by both first-class mail and either certified or registered mail, return receipt requested.

(Emphasis added.)

RCW 61.24.060(2) requires notice to be given only when a tenant-occupied property is purchased at a Trustee's sale. The property at issue is an owner-occupied property, not tenant-occupied property. The Lawsons were not tenant-occupiers of the property, and therefore, they were not entitled to notice under RCW 61.24.060(2). Thus, the Lawsons have failed to show that the notice requirements for an unlawful detainer action were not met.[1]

We affirm the superior court's writ of restitution.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, C.J.

Price, J.

_____

[1] The Lawsons also raise several other issues; however, those issues generally relate to the underlying foreclosure or otherwise do not relate to the right to possession. Unlawful detainer actions are not a forum for litigating claims to title; therefore, the Lawsons' additional arguments do not affect whether the superior court properly granted the writ of restitution. *See Ndiaye*, 188 Wn. App. at 382.