# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| 2022 INVESTMENTS, LLC, a Washington State Limited Liability Company, | No.  60039-1-II |
| Respondent, | |
| v. | |
| SELENA NIEMAN, ALL OTHER OCCUPANTS OF THE REAL PROPERTY LOCATED AT 110 E SEABREEZE DR, GRAPEVIEW, WA 98402, | UNPUBLISHED OPINION |
| Appellant | |

LEE, J. — Selena Nieman appeals the superior court's order finding her in unlawful detainer and granting 2022 Investments, LLC a writ of restitution.[1]  We affirm the superior court.

FACTS

A.      UNLAWFUL DETAINER ACTION AND PREHEARING PROCEEDINGS

In November 2023, PennyMac Loan Services, LLC foreclosed on Nieman's property. PennyMac purchased the property at the trustee's sale and obtained a trustee's deed to the property. PennyMac then conveyed its interest in the property to 2022 Investments.

---

[1] Nieman also assigns error to the superior court's denial of her motion to vacate the unlawful detainer order.  It appears that Nieman's motion to vacate was based on scheduling confusion that resulted in her failure to attend the show cause hearing.  However, Nieman did not include the order denying her motion to vacate in her notice of appeal.  Therefore, Nieman has not appealed that order. *See* RAP 2.4.  Further, because Nieman filed responsive pleadings to the unlawful detainer action and the unlawful detainer action was based on the merits rather than default, it does not appear that Nieman's failure to attend the show cause hearing would be grounds for vacating the unlawful detainer order.

In May 2024, 2022 Investments filed an unlawful detainer action against Nieman after she failed to vacate the property. Initially, 2022 Investments obtained a writ of restitution by default. However, the superior court vacated the default judgment and writ.

Nieman then filed an answer in which she alleged that no trustee sale had occurred and there was currently a bankruptcy proceeding pending in federal court which was resolving issues related to the foreclosure on the property. In response, on August 15, 2024, 2022 Investments filed a motion for an order to show cause and to issue a summary unlawful detainer order. 2022 Investments' motion comprehensively documented the entire procedural history related to the foreclosure of the property. The show cause hearing was set for September 3.

B.      EVIDENCE SUPPORTING 2022 INVESTMENT'S MOTION FOR AN ORDER TO SHOW CAUSE

In 2018, Nieman executed a promissory note in the principal amount of $313,131.00. The promissory note was secured by a deed of trust on Nieman's property. Nieman regularly failed to pay on the promissory note. PennyMac initiated the first foreclosure in August 2022, however, Nieman filed a bankruptcy petition the day before the scheduled foreclosure sale. Nieman's bankruptcy petition was dismissed based on the failure to file information.

In April 2023, PennyMac initiated another foreclosure with a trustee's sale scheduled for June 23. Nieman filed a second bankruptcy petition on June 22, 2023. The bankruptcy court identified Nieman as a repeat filer because it was Nieman's third bankruptcy filing since 2005. Because it was a repeat filing, Nieman received only a 30-day automatic stay. The stay expired on July 22, 2023, and Nieman did not take any action to extend the stay.

In September 2023, despite the stay having expired, PennyMac moved for relief from any stay as to the sale of Nieman's property. On October 19, the bankruptcy court entered an "Order Granting Relief from Stay." Clerk's Papers (CP) at 174. Nieman appealed the order granting

relief to the federal district court; however, Nieman did not move to extend the stay or to stay the order granting relief.

While the bankruptcy appeal was pending, PennyMac continued to pursue foreclosure on the property. A new notice of trustee's sale was issued, noting the trustee's sale for March 15, 2024. PennyMac purchased the property at the March 15 trustee's sale. In April 2024, Penny Mac transferred its interest in the property to 2022 Investments.

After the trustee's sale, PennyMac moved to dismiss Nieman's appeal of the bankruptcy court's order granting relief, arguing that the appeal was now moot because the trustee's sale had taken place. In June 2024, the United States District Court entered an order finding that the trustee's sale had occurred and dismissed Nieman's bankruptcy appeal.

C.    SHOW CAUSE HEARING AND RULING

At the show cause hearing, 2022 Investments argued that res judicata barred Nieman from relitigating whether the trustee's sale occurred. Therefore, according to 2022 Investments, the trustee's deed and subsequent transfer to 2022 Investments entitled 2022 Investments to possession of the property.

On September 3, 2024, the superior court entered an order and judgment on 2022 Investments' unlawful detainer action. The superior court found that Nieman's mortgage was foreclosed on, PennyMac purchased the property at the trustee's sale, and PennyMac transferred its rights to the property to 2022 Investments. The superior court also found that 2022 Investments provided Nieman with notices to vacate under RCW 61.24.060. The superior court further found that "[d]uring the pendency of this lawsuit, Judge Settle of the United States District Court for the Western District of Washington in case C23-5966 BHS ruled against Ms. [Nieman] on the

3

centerpiece issue of her Answer, Ms. [Nieman's] allegation that no trustee's sale occurred." CP at 215.

The superior court concluded that "[t]he doctrine of res judicata bars further litigation in this court of the issue of whether a trustee's sale has taken place." CP at 215. The superior court further concluded that an unlawful detainer action was not the appropriate forum for litigating issues related to title. And the superior court concluded that Nieman was in unlawful detainer and granted judgment in favor of 2022 Investments.

Nieman appeals the superior court's September 2024 order.

ANALYSIS

Nieman appeals the superior court's September 2024 order on unlawful detainer. However, Nieman does not assign error to any of the superior court's findings of fact.

Unlawful detainer is a summary proceeding meant to obtain possession of real property. *Fed. Nat'l Mortg. Ass'n v. Ndiaye*, 188 Wn. App. 376, 382, 353 P.3d 644 (2015). An unlawful detainer action is a narrow action limited to the question of possession. *Id*. Therefore, unlawful detainer actions are not a forum for litigating claims to title. *Id*.

RCW 59.12.032 provides, "An unlawful detainer action, commenced as a result of a trustee's sale under chapter 61.24 RCW, must comply with the requirements of RCW 61.24.040 and 61.24.060." "RCW 59.12.032 authorizes the purchaser at a deed of trust foreclosure sale to bring an unlawful detainer action to evict the previous owner of the home, provided the sale complied with the statutory foreclosure rules." *Ndiaye*, 188 Wn. App. at 381; *Selene RMOF II REO Acquisitions II, LLC v. Ward*, 189 Wn.2d 72, 76-77, 399 P.3d 1118 (2017). Subsequent conveyees of the purchaser may also pursue an unlawful detainer action under RCW 59.12.032. *See Ward*, 189 Wn.2d at 80-81.

We review the superior court's findings of fact in an unlawful detainer action for substantial evidence, and we review conclusions of law de novo. *Tedford v. Guy*, 13 Wn. App. 2d 1, 12, 462 P.3d 869 (2020). Unchallenged findings of fact are verities on appeal. *Pham v. Corbett*, 187 Wn. App. 816, 825, 351 P.3d 214 (2015).

Here, Nieman does not assign error to any findings of fact as required by RAP 10.3(g). Because Nieman has not assigned error to any of the superior court's findings of fact, the findings of fact are verities on appeal. The superior court's unchallenged findings of fact clearly establish that 2022 Investments met all the required elements of unlawful detainer because the property was sold at a trustee sale, interest in the property was subsequently conveyed to 2022 Investments, and 2022 Investments provided Nieman with the statutorily required notices. *Ndiaye*, 188 Wn. App. at 381; *Ward*, 189 Wn.2d at 76-77. Therefore, the superior court's findings of fact support the superior court's conclusions that Nieman was in unlawful detainer.[2]

---

[2] Even if we considered Nieman's briefing as an adequate challenge to the superior court's findings of fact, such a challenge must fail. First, the superior court's findings of fact are clearly supported by substantial evidence in the documentary evidence attached to 2022 Investments' motion for an order to show cause filed on August 15, 2024.

Second, Nieman's primary contention is that no trustee's sale ever took place. However, as the superior court found, that factual issue had already been resolved by the United States District Court and Nieman was barred from relitigating it. Although both 2022 Investments and the superior court characterized the applicable doctrine as res judicata (claim preclusion), this is an application of collateral estoppel (issue preclusion) because obviously an unlawful detainer action is not an identical action to a motion to dismiss an appeal of an order in a bankruptcy proceeding. *See Stevens County v. Futurewise*, 146 Wn. App. 493, 503, 192 P.3d 1 (2008) (A party asserting res judicata as a defense must prove the challenged action is *identical* to an earlier action in: (1) identity of parties, (2) subject matter, (3) cause of action, and (4) the quality of the persons against whom the claim is made.), *review denied,* 165 Wn.2d 1038 (2009).

The party asserting collateral estoppel must demonstrate four elements:

(1) the issue in the earlier proceeding is identical to the issue in the later proceeding, (2) the earlier proceeding ended with a final judgment on the merits, (3) the party

We affirm the superior court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, J.

Veljacic, A.C.J.

---

against whom collateral estoppel is asserted was a party, or in privity with a party, to the earlier proceeding, and (4) applying collateral estoppel would not be an injustice.

*Schibel v. Eyman*, 189 Wn.2d 93, 99, 399 P.3d 1129 (2017). Here, the issues are the same— whether the trustee's sale took place. The appeal of the bankruptcy order ended in a final judgment on the merits on the issue with the district court determining that the trustee's sale took place and dismissing the appeal. Finally, Nieman was a party to the bankruptcy appeal and, in light of the facts and law, applying collateral estoppel would not be an injustice. Because all four elements of collateral estoppel are met, Nieman is barred from relitigating whether the trustee's sale occurred and her challenge to the unlawful detainer action must fail.